STATE OF WEST VIRGINIA

V.

RALPH MUNDAY

(No. 10863)

Submitted April 30, 1957. Decided June 11, 1957.

*Joseph A. Blundon, John M. Hamilton, Arthur Arnold,* for plaintiff in error.

*W. W. Barron,* Attorney General, *Joseph E. Hodgson,* Assistant Attorney General, for defendant in error.

RILEY, PRESIDENT:

In this case of State of West Virginia against Ralph Munday, the defendant, Ralph Munday, and his brother, James R. Munday, were jointly indicted for a felony at the January, 1956, term of the Circuit Court of Mineral County. A severance having theretofore been granted by

the court, the State elected to try the defendant, Ralph Munday, first; and a trial as to the defendant having been had at the January, 1956, term of court, ended in the jury being unable to agree on a verdict. At the April, 1956, term the case against Ralph Munday was again tried, at which trial a verdict of guilty was rendered, with a recommendation of "mercy or parole". The trial court, however, did not give probation to the defendant, but sentenced him to be confined in the State Penitentiary for a term of one to two years, when he was unable to pay the cost of the prosecution and to make restitution. To this judgment of sentence this writ of error is prosecuted by the defendant.

At the April, 1956, term of Court, a *nolle prosequi* was entered herein as to James R. Munday on motion of the prosecuting attorney.

The defendant, Ralph Munday, and his brother, James R. Munday, jointly demurred to the indictment, and moved that it be quashed as insufficient under Code, 61-3-18. Under the provisions of Code, 61-3-18, the trial court ruled that the indictment was fatally defective, but upon argument by the Prosecuting Attorney of Mineral County held the indictment sufficient under Code, 61-3-19. A second joint demurrer and motion to quash, based upon Code, 61-3-19, was filed by the defendant, Ralph Munday, and his brother, James R. Munday, which demurrer and motion to quash were likewise overruled by the trial court.

On motion of the defendant, Ralph Munday, and of his brother, James R. Munday, the trial court ordered the State to file a bill of particulars, which was done, and upon further motion an amended bill of particulars was ordered to be prepared and furnished by the State.

The indictment under which the defendant, Ralph Munday, was tried and convicted, reads as follows:

> "The Grand Jurors of the State of West Virginia, in and for the body of the County of Mineral, upon their oaths present that James R. Munday and Ralph Munday on the _____ day of

October, 1955, in the said County of Mineral, did unlawfully and feloniously receive from another person and transfer to one William J. Lloyd, a person other than the owner thereof, One (1) Lot of Steam End Valves and quantity of Brass, of the value of Two Hundred $(200.00) Dollars, of the money, goods, effects and property of The Baltimore & Ohio Railroad Company, a corporation, which they, the said James R. Munday and Ralph Munday, knew and had reason to believe the same had been stolen from the said The Baltimore & Ohio Railroad Company, a corporation, and did unlawfully and feloniously transfer the same to one William J. Lloyd, against the peace and dignity of the State.

"Found upon the testimony of R. E. Shrout, John V. Steiding duly sworn in open court to testify the truth and sent before the Grand Jury, this the 17th day of January, 1956.

"/s/ Vernon E. Rankin, Prosecuting Attorney."

The initial and all-controlling questions presented by this record are: (1) Does the indictment under which the defendant, Ralph Munday, was tried and convicted allege a crime under Code, 61-3-18; and (2) does this indictment allege a crime under Code, 61-3-19, under which latter statute the trial court held the indictment valid.

Code, 61-3-18, reads:

"If any person buy or receive from another person, or aid in concealing, or transfer to a person other than the owner thereof, any stolen goods or other thing of value, which he knows or has reason to believe has been stolen, he shall be deemed guilty of the larceny thereof, and may be prosecuted although the principal offender be not convicted."

Code, 61-3-19, reads:

"If any person shall bring into this State, or shall receive, convert to his own use, or

sell, property to any character, of value, which was stolen in another state, and which he knows or has reason to believe was stolen, he shall be deemed guilty of the larceny thereof in the county in which such property may be found, used, converted or sold, and may be prosecuted for such offense therein, and upon conviction, shall be punished as provided for the offense of larceny committed within this State."

The instant indictment charges that Ralph Munday and James R. Munday are guilty of having received from "another person" personal property which they knew, or had reason to know, had been stolen. This is insufficient under Code, 61-3-18, because the indictment does not allege the name of the person from whom the accused received such property, or that such person is to the grand jury unknown. Syl. *State* v. *Smith*, 98 W. Va. 185, 126 S. E. 703; *State* v. *Fowler*, 117 W. Va. 761, 188 S. E. 137, syl. See generally the scholarly note contained in 46 W. Va. Law Quarterly, pages 326 to 341, inclusive, by Associate Student Editor John Steele Manley. See also generally 17 Ency. of Pleading and Practice, page 891.

Likewise the indictment is insufficient in law under Code, 61-3-19, not only because the indictment does not allege the name of the person from whom the accused received the property allegedly stolen, or that such person was to the grand jury unknown, but also because it does not allege that the property purportedly stolen was stolen in another state, or, having been stolen in another state, it was brought into this State.

For the foregoing reasons we are of opinion that the Circuit Court of Mineral County erred in overruling the joint demurrers of the defendant, Ralph Munday, and James R. Munday. The defects in the indictment under the foregoing statement and authorities render the indictment void, and the trial and conviction of the defendant, Ralph Munday, was a mere nullity. This, of course, renders all other questions raised in the assign-

ments of error moot, and fully disposes of the case before us.

We, therefore, reverse the judgment of sentence of the trial court, set aside the verdict of the jury, and remand this case to the Circuit Court of Mineral County with directions to sustain the demurrers to the instant indictment, and on the remand dismiss such indictment.

> *Judgment reversed;*
> *verdict set aside;*
> *case remanded with*
> *directions.*