# CHARLESTON.

## STATE *v.* MILLER.

Submitted June 8, 1910. Decided October 25, 1910.

INDICTMENT AND INFORMATION—*Sufficiency—Certainty—Disjunctive Allegations.*

An indictment for practicing denistry for a salary, fee or reward, without a state license therefor, charging, not the substantive offense in general terms, but disjunctively the doing of certain acts, declared by the statute to constitute the practice

of denistry, using the disjunctive "or" instead of the copulative conjunction "and", is bad for uncertainty, and will be quashed.

Error to Circuit Court, Randolph County.

O. A. Miller was convicted of practicing dentistry without a license, and brings error.

*Reversed, and Prisoner Discharged.*

*J. P. Scott,* for plaintiff in error.

*William G. Conley,* Attorney General, and *D. E. Matthews,* Assistant Attorney General, for the State.

POFFENBARGER, JUDGE:

O. A. Miller complains of a judgment of the circuit court of Randolph county rendered on a verdict convicting him of the practice of dentistry without a license, which the statute makes a criminal offense.

His motion to quash the indictment, for uncertainty therein, having been overruled, he complains of this action on the part of the court. It charges disjunctively the doing of a number of acts, any one of which the statute declares shall constitute the practice of dentistry within the meaning of the act, if done for a salary, fee or reward, to-wit: performance of operations or parts of operations, treating of diseases or lesions of the human teeth or jaw and others, using the disjunctive "or" instead of the copulative conjunction "and."

The well settled general rule is that this makes an indictment bad for uncertainty. In our decisions, but one exception to it has been recognized or allowed, and that is in the case of indictments for the unlawful retailing of spirituous liquors. *State* v. *Newsome,* 13 W. Va. 859; *Cunningham* v. *State,* 5 W. Va. 508; *Morgan's Case,* 7 Grat. 592. The principle of the exception has been questioned, if not disapproved, by this Court, and the inclination is not to extend it. In *State* v. *Charlton,* 11 W. Va. 332, the Court refused to extend it to a very similar class of cases, and Judge GREEN, speaking for the Court, said: "It may be perhaps that the indictment in *Morgan's Case,* 7 Grat. 592, was held good, because it might have been considered that as the State could not reasonably be required to allege or prove the peculiar kind of spirituous liquors sold, it ought not to make an indictment bad for uncertainty, to allege that it

was of one kind or another. If this was the ground of this decision, it would be inapplicable to the case now under consideration, as the State could without any difficulty show, and ought therefore to allege, whether the liquor was sold to be drank in the building, or on the premises adjunct to the building. But be the reason what it may for the decision in *Morgan's Case,* it ought not be regarded as overthrowing the general rule, that an indictment ought not to state the case disjunctively, when it is thereby left uncertain, what is really intended to be relied on as the accusation. And while *Morgan's Case* must govern us whenever a case like it arises, yet we can not safely extend it to cases which differ from it and fall within the general rule."

The reason of the general rule need not be repeated here. The only inquiry is whether the case should be excepted. We perceive on reason for so doing. If the case could be assimilated to that of an indictment for unlawful retailing, the prisoner is not charged generally with having practiced dentistry without a license, with a specification of the acts done, but only with having done a certain act or another certain act, leaving it uncertain as to which, and, therefore, it does not fall within the reason of the exception. But if it did charge the substantive offense and make a similar case; the Court has said it will not extend the exception to similar cases.

In this state of the law, we must reverse the judgment, set aside the verdict, quash the indictment and discharge the prisoner.                *Reversed, and Prisoner Discharged.*