# CHARLESTON.

STATE *v.* WILLIAM SMITH.
(No. 5190.)
Submitted January 17, 1925. Decided February 10, 1925.

RECEIVING STOLEN GOODS—*Indictment Must Allege Name of Person From Whom Accused Received Goods or That Such Person is to Grand Jury Unknown.*

An indictment for the statutory offense of receiving stolen goods must allege the name of the person from whom the accused received such goods, or that such person is to the grand jury unknown.

(Receiving Stolen Goods. 34 Cyc. p. 521.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

98 W. Va.

HATCHER, JUDGE, absent.

Error to Circuit Court, Raleigh County.

William Smith was convicted of receiving stolen goods, and he brings error.

*Reversed, indictment quashed, and accused discharged.*

*C. L. Lilly* and *A. P. Farley,* for plaintiff in error.

*E. T. England,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

MILLER, JUDGE:

Defendant was tried in the criminal court of Raleigh County, on an indictment charging that he ''did feloniously receive and have two Winchester 16-gauge repeating shot guns of the total value of $100.00 of the goods and chattels of the East Gulf Coal Company, a corporation, which said goods and chattels were lately before feloniously taken, stolen and carried away from the East Gulf Coal Company, a corporation, he the said William Smith, then and there well knowing the said goods and chattels to have been feloniously taken, stolen and carried away,'' etc.

On the trial defendant was found guilty as charged in the indictment, and the judgment of the criminal court was that he be confined in the state penitentiary for a period of from two to ten years. His petition to the circuit court for a writ of error was denied, and to that judgment we awarded the present writ of error.

In his petition to this court defendant assigns the same grounds of error assigned in his petition to the circuit court, twenty-nine in number; but for some reason not appearing, his counsel have not appeared in this court, nor filed any brief or argument in support of the propositions presented by their petition. The attorney general has, however, filed his brief and argument in support of the judgment.

Of the grounds assigned for reversal of the judgment, the first is the overruling of defendant's demurrer and motion to quash the indictment. The indictment was evidently

founded upon section 18 of chapter 145 of the Code, providing that: "If any person buy or receive from another person, or aid in concealing, any stolen goods or other thing, knowing the same to have been stolen, he shall be deemed guilty of larceny thereof, and may be proceeded against,. although the principal offender be not convicted."

It will be noted that the statute reads: "If any person buy or receive *from another person."* Does the indictment,. by alleging that the defendant did feloniously "receive and have" the property alleged to have been stolen, sufficiently charge all the essential facts and circumstances constituting the crime described by the statute? Our statute is identical with that of the State of Virginia, and has remained as. it came to us from the Virginia Code of 1860. In *Hey* v. *Commonwealth,* 32 Gratt. 946, it was held: "To sustain the · prosecution under the statute four things must be proved.. 1st. That the goods or other things were previously stolen by some other person. 2nd. That the accused bought or received them from another person, or aided in concealing them. 3rd. That at the time he so bought or received, or aided in concealing them, he knew they had been stolen. 4th. That he so bought or received them, or aided in concealing them, *malo animo,* or with a dishonest purpose."

At the common law, receiving stolen goods, knowing them to have been stolen, was a misdemeanor, on the theory that the accused was an accessory to the theft; and before the enactment of statutes on the subject, it was necessary to allege the name of the principal offender, if known; if not, that he was unknown. Under the present statute in England, and by the statutes in a number of the States, one who buys or receives stolen goods, knowing them to have been stolen,. is deemed to be guilty of larceny; but in no statute, other than in this State and in Virginia, do we find that they must have been bought or received by the accused "from another person." Can we say that the Legislature did not mean the receiving "from another person" to be a part of the offense? In 3 Bishop's New Criminal Procedure, sec. 983, it is said: "Commonly in England and in a number of our States, the indictment does not aver from whom the stolen goods were

received. Some of our American cases require it. The question belongs to a class upon which there may not unreasonably be differences of opinion, and perhaps it may properly be influenced by the terms of the statute.'' Being criminal, and creating a new and separate offense, the statute must be strictly construed. If the Legislature meant anything by the use of the words ''from another person,'' we must hold that they constitute an essential element of the offense described. The first statute on the subject in Virginia, Acts 1832-33, ch. 22, sec. 11, provided that any white person, free negro or mulatto, who received stolen goods from any slave, free negro or mulatto, knowing the said goods to have been stolen, should be adjudged guilty of larceny of such goods: and by the criminal code, adopted March 14, 1848, Acts 1847-48, chapter 120, it was provided that: ''Any free person who shall buy or receive from another, or aid in concealing any stolen goods or other thing, knowing the same to have been stolen, shall be deemed guilty of the larceny thereof,'' etc. So it will be noted that at all times in the Virginias the statute has been qualified in respect to the source from which the accused obtained the stolen goods. The early statutes required that they be received from one of certain classes of persons; the later statutes, that they be received from ''another'' or ''another person.''

The indictment in this case does not allege that defendant aided in concealing the stolen goods; it is only charged that he received and had them.

In some jurisdictions where the statute makes no mention of the source from which the stolen goods are received, it has been held to be necessary to allege the name of the person from whom they were received, if known. In *Foster* v. *State,* 106 Ind. 272, it was held: ''To sustain the charge of having received stolen goods, it must be proved that the goods were received, either directly or indirectly, from the thief knowing them to have been stolen.'' There the statute provided that: ''Whoever buys, receives, conceals or aids in the concealing of anything of value, stolen, taken by robbers, embezzled, or obtained by false pretense, knowing the same to have been stolen,  *  *  *  shall suffer the punishment

prescribed for larceny.'' For other cases on this subject, see citations in the following texts: 3 Bishop's New Criminal Procedure (2nd ed.), sec. 983; 2 Bishop on Criminal Law (9th ed.), secs. 1157-1140; 2 Wharton's Criminal Procedure (10th ed), sec. 1175; 2 Wharton's Criminal Law (11th ed.), sec. 1245; 2 Brill's Cyclopedia Criminal Law, sec. 926.

In view of the history of our statute, and the authorities examined and cited, we are of opinion that an indictment for the offense here charged must allege the name of the person or persons from whom the stolen goods were bought or received, or that such goods were bought or received from a person or persons unknown to the grand jury; and that the trial court erred in overruling defendant's motion to quash the indictment.

As there can be no further proceedings on the present indictment, it becomes unnecessary to consider the other grounds of error assigned for reversal.

*Reversed, indictment quashed, and accused discharged.*