STATE OF WEST VIRGINIA *v.* HOWARD FOWLER

(No. 8407)

Submitted October 14, 1936. Decided October 20, 1936.

*Barnhart & Trotter,* for plaintiff in error.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

HATCHER, PRESIDENT:

The defendant was indicted, convicted and sentenced upon a charge of knowingly receiving stolen parts of an automobile.

The state proved the theft of the car, the defendant's possession of the parts from the car, the finding of the body of the car in a field several hundred feet from the public road, and his proximity thereto on one occasion. The field was a number of miles from his home. He explained, without contradiction, that when seen near the car, he and several companions were enroute to a bootlegger and were attracted to the car from the road. He proved that the car had been wrecked, and admitted virtually stripping it of every usuable part, except the engine, which had already been removed. He testified that other stripped cars were in that "immediate vicinity." The state proved specifically that only the one car was in that field. He testified that the car contained no identifying marks when he found it. The state showed that even after he had stripped the car, it still bore a current license plate. He testified that he hauled the parts away openly. The state produced testimony that the parts were covered with a tarpaulin while in transit.

Receiving stolen goods is a specific statutory crime. Code, 61-3-18; *State* v. *Smith,* 98 W. Va. 185, 188, 126 S. E. 703; *State* v. *Frankel,* 1 W. W. Harr. (Del.) 372, 114 A. 608; Wharton's Crim. Law (12th Ed.), section

1229. Due to different statutory phraseology, definitions of the crime in other jurisdictions are not helpful. Under our statute, it consists of one person receiving "from another person" the stolen goods (in bad faith), knowing or having reason to believe them stolen. Thus two persons are contemplated by the statute: (1) the original thief or a successor in criminal possession of the stolen goods, and (2) a person to whom that possession is transferred. The statute must be construed strictly. *State v. Smith, supra.* Consequently, the mere discovery and appropriation of stolen goods by a person does not constitute this statutory crime.

Since the car was in view from the public road, the mere fact that defendant observed it, does not imply a prior delivery of the car to him at that place by another person. There is no proof of any concert or connection whatever between the defendant and a former wrongful possessor of the car, nor proof from which such concert or connection can legitimately be inferred. Consequently, whatever crime, if any, the defendant committed, the state has failed to sustain the charge herein, for want of proof that *he received the stolen goods from another person.*

The judgment is reversed, the verdict of the jury set aside, and a new trial awarded.

*Judgment reversed; verdict set aside; new trial awarded.*