STATE OF WEST VIRGINIA *v.* SAMUEL MANSTOFF

(No. 8520)

Submitted January 26, 1937. Decided February 2, 1937.

*Lee Bushong, Jr.,* and *James M. Mason,* 3d, for plaintiff in error.

*Clarence W. Meadows*, Attorney General, *Kenneth E. Hines*, Assistant Attorney General, and *John T. Porterfield*, for the State.

FOX, JUDGE:

At the April term, 1936, of the Circuit Court of Jefferson county, an indictment was returned against Samuel Manstoff, charging him with the buying and receiving of goods and chattels knowing them to have been stolen; and also with aiding in concealing goods and chattels, knowing them to have been stolen. Both charges relate to six pieces of meat, the proven value of which was $28.15. This prosecution is based upon Section 18, Article 3, Chapter 61, of the Code, which reads:

> "If any person buy or receive from another person, or aid in concealing, or transfer to a person other than the owner thereof, any stolen goods or other thing of value, which he knows or has reason to believe has been stolen, he shall be deemed guilty of the larceny thereof, and may be prosecuted, although the principal offender be not convicted."

The indictment contains two counts: the first, covering the charge of buying and receiving meat, described in the indictment, knowing the same to have been stolen; and the second, charging him with aiding in concealing said meat, knowing it to have been stolen. The case was tried by a jury, and a verdict of guilty was returned on the second count of the indictment, on which verdict, after the overruling of a motion to set it aside, the court sentenced the defendent to confinement in the penitentiary for the term of one year, to which action of the court the defendant prosecutes this writ of error.

The particular errors assigned by the defendant are (1) the failure of the court to strike out the evidence of the state and direct a verdict of not guilty; (2) the refusal of the court to sustain defendant's motion to direct a verdict of not guilty after the state and defendant rested their case; (3) the refusal to give to the jury instruction No. 12, offered by the defendant; and (4) the

refusal of the court to set aside the verdict of the jury and grant a new trial. In addition to the specific errors relied upon, defendant raises in his brief a question as to the effect of the jury's finding the defendant guilty on the second count of the indictment, which he says, in effect, found said defendant not guilty on the first count; and he contends that the effect of finding the defendant not guilty on the first count was repugnant to and inconsistent with its finding of guilty on the second count, and that by reason thereof the verdict of guilty must fall.

It may be admitted that the verdict of the jury finding the defendant guilty upon the second count operated as an acquittal from the charge contained in the first count of the indictment. *State* v. *Swain*, 81 W. Va. 278, 94 S. E. 142; *Hawley* v. *Commonwealth*, 75 Va. 847, 850; *Johnson* v. *Commonwealth*, 102 Va. 927, 46 S. E. 789. It is not perceived, however, that this can in any wise affect the validity of the verdict on the second count. The two offenses charged in the indictment were separate and distinct. As an illustration, the defendant might well have purchased and received the meat in question without any knowledge of its having been stolen; and yet, if he later learned that it had been stolen, the concealment of the same, or aid in its concealment, would have subjected him to the penalties prescribed by statute for concealing stolen property. 53 C. J. 507. We hold, on this point, that the verdict of the jury was properly sustained by the court.

This brings us to the consideration of the facts presented to the jury and upon which its verdict was based. On these facts, there is little controversy. It is shown by the evidence that there was stolen from one Samuel Dean, a tenant farmer, on February 29, 1936, fourteen pieces of meat. Later, on April 13, 1936, for some reason undisclosed by the record, a warrant was obtained authorizing the search of the premises of the defendant, located in Charles Town. It appears that the defendant was engaged in a grocery and meat business, carried on in a building owned by him, the front of which was used

in his business and with which was connected a rear room, known as a coal room, which was used for storage purposes; that he was the owner of an adjoining building of four stories, a part of which he had leased to a tenant; that when the officers in whose hands the search warrant had been placed for execution appeared at the defendant's place of business, and exhibited the warrant, they first made search of the building in which defendant's business was being carried on, including the coal room, and there found two pieces of meat, afterwards identified as having been stolen from Samuel Dean; that upon discovering this meat, inquiry was made of the defendant as to whether he had any other meat to which he replied that he had not; that the officers then stated to the defendant that their warrant authorized them to search the adjoining building, and inquired if he had any meat in that building, to which he replied that he had not; that after some delay in finding the keys, some of the officers and the defendant went into the adjoining building, reached the third floor without finding any meat, and the defendant, being asked whether there was a higher floor, replied there was not; that the officers, making still further search, discovered that there was a fourth floor, which they searched, and found thirty or forty pieces of meat, including three hams and one shoulder which were afterwards identified as having been stolen from Samuel Dean. In fairness to the defendant, it should be stated that his explanation of his conduct, at the time the search was made, is that when he was asked if he had any other meat in his possession, he understood the officers to refer to the building in which they then were, and in which the defendant's business was carried on. The defendant gives no satisfactory explanation of his possession of the stolen property. He states that he acquired the meat found in the fourth story of his building at various times and from various people, in small lots of two or three pieces at one time, but did not account for the manner in which he acquired the stolen property. On this evidence and these circumstances, the jury returned a verdict of guilty of aiding in concealing stolen property.

The possession of stolen property, alone, is not sufficient to convict the accused of knowledge of its theft; but such possession may, with all other evidence and circumstances in the case, be considered by the jury. *State* v. *Lewis,* 117 W. Va. 670, 187 S. E. 315; *State* v. *Goldstrohm,* 84 W. Va. 129, 99 S. E. 248; 53 C. J. 536. In this case, the following circumstances weigh strongly against the defendant: The possession of stolen property without satisfactory explanation; the failure to account as to how and from whom the stolen property was acquired; that the meat in possession of the defendant had been acquired in small lots of two or three pieces at one time; that the meat was stolen from Dean approximately six weeks before the search of defendant's premises, and that in that short time, defendant had acquired at least six pieces thereof, presumably from one person, and without being able to disclose from whom he acquired the property or giving any explanation of his failure to recall such acquisition; the storing of the stolen meat, and other meat, on the fourth floor of an adjoining building remote, as regards access, from his place of business and in a place unusual for that character of storage; the conduct of the defendant when his premises were searched; his statement that at that time he had no meat except that found in the coal room, and that he had no meat in the other building; that when the third floor of his adjoining building was reached, he stated that there was no floor above; the fact that there was such floor and that the stolen property was found there; and generally, the failure of the defendant to make any reasonable or satisfactory explanation of his acquisition and possession of the stolen property. Against these circumstances, and the inferences which may reasonably be drawn therefrom, are the statements of the defendant in which he denied any guilt; that he kept no record of his purchases; and that when asked whether he had any other meat, at the beginning of the search when the two pieces were located, he understood the officers to refer to the building in which the inquiry was made. On the whole, giving to the verdict of the jury the weight to which, under the law,

it is entitled, we find no warrant for disturbing the same.

The remaining question is raised by the refusal of the court to give instruction No. 12, offered by the defendant. This instruction reads:

"The court instructs the jury that upon the trial of a criminal case by a jury the law contemplates a concurrence of twelve minds in the conclusion of guilt before a conviction can be had. Each individual juror must be satisfied beyond a reasonable doubt of the defendant's guilt before he can rightly, under his oath, consent to a verdict of guilty. Each juror should feel the responsibility resting upon him as a member of the jury, and should realize that his own mind must be convinced beyond all reasonable doubt of the defendant's guilt before he can consent to a verdict of guilty. Therefore, if any individual member of the jury, after having duly considered the evidence in this case, and after consulting with his fellow jurors, should entertain such a reasonable doubt of the defendant's guilt as is set forth in the other instructions of this case, it is his duty not to surrender his own conviction simply because all or some of the other jurors entertain a different opinion."

While the right of a party to any litigation, tried before a jury, to have the jury instructed that it is necessary to have the concurrence of twelve minds in arriving at a verdict is fully recognized, the wisdom of giving instructions of the nature of that above quoted is by no means conceded, and the general weight of authority is against the giving of such instructions, especially where there are other instructions in the case which cover the subject of unanimity in a jury finding. Holdings of the Virginia courts discourage the use of such an instruction. In *Sims* v. *Commonwealth*, 134 Va. 736, 757, 115 S. E. 382, 389, the court, in construing a similar instruction, said:

"The instruction might probably, with propriety, have been given, but it embodies principles so well understood by everyone and so fully covered by the oath of each juror that its

refusal cannot be deemed error. No juror should ever yield a conscientious opinion deliberately formed after a full and fair investigation of the case, as to the guilt or innocence of the accused, but jurors should not be invited to disagree if they can. When such instruction is given, the jury should be further instructed that the jury room is no place for pride of opinion or obstinacy, but that it is the duty of the jurors to discuss the evidence in a spirit of fairness and candor with each other, and with open minds to give careful consideration to the views of their fellows, and, if it can be done without a sacrifice of conscientious convictions, agree upon a verdict."

This case was followed in *Scott* v. *Commonwealth,* 143 Va. 510, 129 S. E. 360, and in *Peoples* v. *Commonwealth,* 147 Va. 692, 137 S. E. 603. See also Branson's Instructions to Juries, Section 43.

However, such an instruction has been approved by this court in a number of cases, where the subject was not covered by any other instruction. The decision in this case calls for some review of the several holdings of this court on this subject. The first case in which the question was considered was that of *State* v. *McKinney,* 88 W. Va. 400, 106 S. E. 894, wherein it was held:

"An instruction on the subject of the legal requirement of unanimity of the jury in the finding of a verdict, which, if given, would advise a jury that, if any juror, after due consideration of the evidence, and consultation with his fellows, has reasonable doubt of the guilt of the accused in a criminal case, it is his duty not to surrender his own convictions, simply because the other jurors are of a different opinion, is correct, and should be given upon request, unless its subject is covered by some other instruction given in the case."

In this case, a majority of the court found that another instruction, covering the subject, had been given, and the failure to give the instruction which the court said under other circumstances should have been given, was

excused. It therefore becomes of interest to know just what the instruction was which the court thought covered the subject and excused the giving of the instruction of the same nature as that involved in this case. Such instruction reads:

"The court instructs the jury that the defendant is presumed to be innocent of any offense charged in the indictment against him, and that such presumption is not a mere form of law to be disregarded by the jury, but it is their duty to cling to such presumption until they are driven from it, by such evidence and circumstances as convince the jury, and each member thereof, of the guilt of the said defendant of the offense charged in the indictment beyond all reasonable doubt."

Following the *McKinney* case was *State* v. *Edgell*, 94 W. Va. 198, 118 S. E. 144, in which it was held that the instruction of the same general nature as that given in the *McKinney* case should have been given, because the subject of the instruction was not covered by another instruction given in the case, and which the state claimed did cover the subject. In *State* v. *Noble*, 96 W. Va. 432, 123 S. E. 237, the court, in upholding the instruction approved in the *McKinney* case, expressly stated that it did not find that the question of unanimity of the verdict was covered by any instruction given, and it therefore held that the instruction offered should have been given. To the same effect is *State* v. *Warrick*, 96 W. Va. 722, 723, 123 S. E. 799.

Following the decisions above cited, this court seems to have adopted a more rigid rule with respect of the requirements under which instructions of this character should be given. In the case of *State* v. *Joseph*, 100 W. Va. 213, 130 S. E. 451, 454, Judge Woods, speaking for the court, said:

"This court has held in a number of cases that the accused in a criminal case is entitled to have the jury told that if any juror has a reasonable doubt as to the guilt of the accused, after hear-

ing the evidence, receiving the instructions of
the court, listening to the argument of counsel,
and consulting his fellow jurors, such juror
should not agree to a conviction * * *. Such
instructions should, however, not be couched in
terms as would invite the jury to disagree."

This seems to be the first case in which the require-
ment that such an instruction should contain a reference
to instructions of the court and argument of counsel,
the former instructions upheld by the court referring
only to evidence and to consultation among jurors, and
to that extent, established a more rigid rule. This re-
quirement was further stressed in the case of *State* v.
*Sibert*, 113 W. Va. 717, 169 S. E. 410, 412, the opinion
being also written by Judge Woods, and in which he
states:

"We have held in a number of cases that the
accused in a criminal case is entitled to an in-
struction telling a jury that if any one of their
number has a reasonable doubt as to the guilt of
the accused, after hearing the evidence, re-
ceiving the instructions of the court, listening
to the arguments of counsel, and consulting with
fellow jurors, such juror should not agree to
a conviction * * *. The instruction in the in-
stant case failed to direct them to consider the
instructions of the court, argument of counsel,
or consultation among themselves. Due to such
omissions we are of the opinion that the same
was misleading, and would tend to bring about
a disagreement on the part of the jury; hence
the trial court did not err in refusing it."

As showing the disposition of this court to enforce
the more rigid rule so established in the two cases last
cited, reference is made to *Emery* v. *Monongahela West
Penn Co.*, 111 W. Va. 699, 163 S. E. 620, and especially
the concurring note of Judge Maxwell, and to *Robertson*
v. *Hobson*, 114 W. Va. 236, 171 S. E. 745. These were civil
cases, but it is quite apparent that this court has sought
to find a way to express its disapproval of instructions
of the nature of those under consideration, which may

tend to invite obduracy or disagreement on the part of a jury, while adhering to the holding that juries should, upon request, be instructed in every case that their verdict must be unanimous, and the individual views of jurors fully recognized.

We have seen that by no decision of this court has a refusal to give such an instruction as that contended for by the defendant been held error where the subject matter of the instruction was covered by another instruction given in the case. Therefore, the question is presented as to whether or not an instruction was given in this case which covered the subject. The state contends that instruction No. 2, given at the instance of defendant, does cover the subject matter of unanimity in the verdict of the jury, and that the giving of such instruction made it unnecessary that instruction No. 12 be given under the most liberal of this court's rulings. Instruction No. 2 given in this case reads:

> "The court instructs the jury that the law presumes that the defendant, Samuel Manstoff, is innocent of the crime charged against him in the indictment in this case, and that such presumption follows him throughout every step of the trial; that it is incumbent upon the state to establish the prisoner's guilt by proof so clear and convincing and satisfactory in its nature as to convince the jury of his guilt beyond all reasonable doubt; that before the jury can find the defendant guilty in this case they must believe and be satisfied from the evidence in the case beyond all reasonable doubt, that he is guilty; that if the jury, or any member thereof, after having carefully weighed and considered all the evidence in the case should entertain a reasonable doubt as to the guilt of the defendant they cannot return a verdict of guilty."

We see no substantial difference in this instruction from that given in the *McKinney* case, which a majority of the court held to excuse the giving of an instruction similar to instruction No. 12, offered by the defendant herein. Both were instructions bearing upon reasonable doubt. Both told the jury that such doubt by any mem-

ber of the jury would prevent a verdict. In one instruction, the language used with reference to the jury is "any member thereof", in the other, "each member thereof". The two expressions have the same meaning.

We hold, therefore, that the refusal to give instruction No. 12 offered by the defendant in this case was not error for two reasons: first, instruction No. 2 given at the instance of defendant covered the subject as was held in the *McKinney* case; and, second, the failure to include in the instruction offered, reference to instructions of the court and arguments of counsel, warranted the court in refusing the instruction, under authority of *State* v. *Sibert, supra.*

It results, therefore, that the action of the Circuit Court of Jefferson county in sustaining the verdict of the jury is affirmed.

*Affirmed.*