Argued September 29, reversed and remanded November 15, 1976

# STATE OF OREGON, *Appellant,*
*v.*
# MICHAEL DEAN STAPLETON, *Respondent.*
## (No. 76-0467, CA 6224)

556 P2d 156

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief was Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Allen L. Johnson,* Eugene, argued the cause for respondent. With him on the brief were Jack A. Gardner and Gardner & Honsowetz, Eugene.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

TANZER, J.

**TANZER, J.**

The state appeals an order granting defendant's demurrer to an indictment which alleges:

"[Michael Dean Stapleton] is accused by the Lane County Grand Jury of the crime of THEFT IN THE FIRST DEGREE committed as follows:

"The defendant on or between the 23rd day of March, 1975 and the 15th day of January, 1976, in the county aforesaid, did unlawfully and knowingly commit theft of a cassette tape deck, valuable property, owned by the Friendly Street Church of God by buying, receiving, retaining and concealing the said cassette tape deck, knowing the said tape deck was the subject of theft; contrary to statute and against the peace and dignity of the State of Oregon."

The principal ground of demurrer is that

"[t]he indictment charges more than one crime not separately stated; or charges alternative means of committing the same crime, not stated in separate counts."

Defendant's argument, distilled, is that the indictment improperly joins into one count language charging theft in the first degree, "* * * commit theft of a cassette tape deck * * * by buying [it]," and language charging theft in the second degree, "* * * commit theft of a cassette tape deck * * * by * * * receiving, retaining and concealing [it]." The first crime is a Class C felony, ORS 164.055(1)(c) and (3); the latter, a Class A misdemeanor, ORS 164.095, 164.015(5), 164.045.

Either allegation, standing alone, would be a sufficient description of theft to charge the respective crime. *State v. Jim/White,* 13 Or App 201, 508 P2d 462, *rev den* (1973); ORS 164.025(2). The allegation of "buying," in the absence of an allegation of value of the goods bought, is sufficient to elevate the charge of the indictment to theft in the first degree. *Cf. State v. Dechand,* 13 Or App 530, 511 P2d 430 (1973). Therefore, the indictment purports to charge theft in the first degree and alleges sufficient facts to do so. The issue presented is whether an alternative charge of a

lower degree of theft arising from the same conduct may be alleged in the same count.

■ The form and sufficiency of indictments is controlled by statute. ORS 132.510.

■ One purpose of the revision of Oregon's criminal code was to simplify the definitions of crime by eliminating archaic distinctions and adopting more comprehensive groupings of related charges, particularly charges of crime against property. *State v. Jim/White, supra;* Proposed Oregon Criminal Code 130, § 123 (1970). Thus, though one may commit a single theft by various and overlapping means, it remains one theft under ORS 164.025(1) which provides:

> "Except for the crime of theft by extortion, conduct denominated theft under ORS 164.015 constitutes a single offense."

Therefore, under ORS 164.025(1), the alleged theft is a single offense whether committed by "buying" or by "receiving, retaining and concealing."

■ A single offense is ordinarily charged in one count of the indictment. The requirement of ORS 132.550 that "[t]he indictment shall contain substantially * * * (4) A separate accusation or count addressed to each offense charged, if there be more than one * * *" implies its converse, that each single offense is to be charged in a single count.

■ The inclusion in one count of alternative means of committing one offense is proper under ORS 132.560(1) which provides:

> "The indictment must charge but one crime, and in one form only, except that:
>
> "(1) Where the crime may be committed by the use of different means, the indictment may allege the means in the alternative."

Alternative means of committing a single offense are properly pleaded in the conjunctive. *State of Oregon v. Carr,* 6 Or 133 (1876).

■ We see no practical or theoretical reason, and none is presented, why the effect of these statutory rules is lessened simply because the alternative means constitute a lower degree of the same offense. The defendant may plead guilty to the crime charged, theft in the first degree, or, with agreement of the state, to the alternative lesser crime charged, and the indictment enables the court to render judgment as appropriate. At trial the charging language is sufficient to enable the court to determine upon a motion for judgment of acquittal whether the offense has been proved, ORS 136.445, to withdraw unproved allegations from further consideration and to instruct the jury as to possible alternative verdicts in the manner employed for indictments charging lesser-included offenses. *See State v. Washington,* 273 Or 829, 543 P2d 1058 (1975).

Therefore, the indictment is valid and the demurrer should have been overruled.

Reversed and remanded.

**SCHWAB, C. J.**, specially concurring.

I agree with the result on the sole basis that I believe the indictment charges first degree theft.

I disagree with the implication that first degree theft and second degree theft are a single offense, and the further implication that it is proper to charge both first degree theft and second degree theft in a single count. An "offense" is defined by statute:

> "An offense is conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state * * *." ORS 161.505.

Two different laws of this state define different conduct for which different terms of imprisonment are provided: ORS 164.055 defines first degree theft; ORS 164.045 defines second degree theft. Clearly these are two different offenses.

These two different offenses are two different crimes under ORS 161.515:

"(1) A crime is an offense for which a sentence of imprisonment is authorized.

"(2) A crime is either a felony or a misdemeanor."

It follows, I believe, that under the requirement of ORS 132.560 that only one crime be alleged in a single charge that, if the state wishes to charge first degree theft and second degree theft in the alternative, it must do so in separate counts.