346 S.E.2d 822

**STATE of West Virginia**

v.

**Michael S. TAYLOR.**

No. 16812.

Supreme Court of Appeals of West Virginia.

July 11, 1986.

**672**

Susan B. Tucker, Pros. Atty., Morgantown, for appellant.

Larry Harrless, Morgantown, for appellee.

MILLER, Chief Justice:

We granted an appeal by the State of West Virginia in this case[1] from a judgment of the Circuit Court of Monongalia County dismissing a two-count indictment charging the defendant, Michael S. Taylor, with transferring stolen goods in violation of W.Va.Code, 61–3–18.[2] The trial court, upon the defendant's motion, dismissed the indictment on the theory that it failed to allege an essential element of the crime charged, i.e., that the defendant bought, received, or aided in the concealment of the stolen goods prior to his transfer of the goods to a person other than the owner. As we find the trial court's determination to be erroneous, we reverse and set aside the order dismissing the indictment and remand the case for further proceedings.

The first count of the indictment in question, after stating that certain described coins had been stolen from Kent and Catherine Harmon by a person unknown to the grand jurors, then charged that the defendant:

"MICHAEL S. TAYLOR, did then and there unlawfully and feloniously transfer the said goods and chattels to a person other than the owner, specifically, did transfer the said stolen goods and chattels to K.V. Seremetis, doing business as Acropolis Coins, 495 High Street, Morgantown, West Virginia, and the said MICHAEL S. TAYLOR, then and there well knowing or having reasonable cause to believe the said goods and chattels to have been unlawfully stolen, taken and carried away, as aforesaid, in violation of W.Va.Code, 61–3–18, against the peace and dignity of the State."[3]

1. This appeal was granted upon the petition of the prosecuting attorney of Monongalia County pursuant to W.Va.Code, 58–5–30, which authorizes the State, on the application of the Attorney General or the prosecuting attorney, to obtain a writ of error to review the dismissal of a criminal indictment. *See* Rule 37(b)(2), West Virginia Rules of Criminal Procedure. Rule 1(c) of the Rules of Appellate Procedure defines the term "appeal" so as to encompass the statutory term "writ of error" for the purposes of appellate procedure.

2. W.Va.Code, 61–3–18, provides:

"If any person buy or receive from another person, or aid in concealing, or transfer to a person other than the owner thereof, any stolen goods or other thing of value, which he knows or has reason to believe has been stolen, he shall be deemed guilty of the larceny thereof, and may be prosecuted although the principal offender be not convicted."

3. The earlier portion of the first count of the indictment stated:

"Six (6) silver dollars; four (4) half dollars; one (1) half ounce gold coin (Marian Anderson type) and two (2) 14 karat gold

Without undertaking an extended discussion of our law on the sufficiency of indictments, we begin by observing that Article III, Section 14 of the West Virginia Constitution requires that in all trials of crimes and misdemeanors "the accused shall be fully and plainly informed of the character and cause of the accusation...." In recognition of this constitutional imperative, this Court held in Syllabus Point 1 of *State ex rel. Hubbard v. Spillers*, 157 W.Va. 522, 202 S.E.2d 180 (1974):

"An indictment purporting to charge an offense other than in the language of the statute must set forth all of the material facts and circumstances necessary to constitute the essential requisites of the offense and must fully and plainly inform the accused of the character and cause of the accusation against him."

Similarly, in Syllabus Point 1 of *State ex rel. Combs v. Boles*, 151 W.Va. 194, 151 S.E.2d 115 (1966), we held: "In order to lawfully charge an accused with a particular crime it is imperative that the essential elements of that crime be alleged in the indictment." *See* Syllabus Point 1, *State v. Casdorph*, 159 W.Va. 909, 230 S.E.2d 476 (1976).[4]

The trial court, in concluding that the offense of transferring stolen goods included the element that the defendant either previously bought, received, or aided in the concealment of stolen goods, apparently relied on Syllabus Point 6 of *State v. Hall*, 171 W.Va. 212, 298 S.E.2d 246 (1982):

" 'The essential elements of the offense created by [*W.Va.Code*, 61–3–18 [1931]] are: (1) The property must have been previously stolen by some person other than the defendant; (2) the accused must have bought or received the property from another person or must have aided in concealing it; (3) he must have known, or had reason to believe, when he bought or received or aided in concealing the property, that it had been stolen; and (4) he must have bought or received or aided in concealing the property with a dishonest purpose.' *State v. McGraw*, 140 W.Va. 547, 550, 85 S.E.2d 849, 852 (1955)."

It should be noted that Syllabus Point 6 of *Hall* does not deal with the term "transfer." It utilizes language which suggests that there are several distinct offenses in W.Va.Code, 61–3–18, since it recognizes that for the crime of buying or receiving stolen goods, the statute requires that a defendant "must have bought or received the property from another person." Where the charge is aiding in concealing stolen property, it is not necessary that a defendant had bought or received the property from another person. In *Hall*, the indictment charged aiding in the concealment of stolen property and we said the "statute does not require that it be shown that the appellant received the stolen items, but rather that he aided in the concealment of the stolen property." 171 W.Va. at 221, 298 S.E.2d at 254.

Furthermore, *Hall* recognizes that there are common elements for each of the crimes since each requires that "[t]he property must have been previously stolen by some person other than the defendant" and that the defendant "must have known, or

---

wedding bands, of the total and aggregate value of Three Hundred Twenty-five Dollars and Forty-six Cents ($325.46), of the goods, chattels, effects and property of Kent and Catherine Harmon, then lately before feloniously and unlawfully stolen, taken and carried away, from them, the said Kent and Catherine Harmon by some evilly disposed person or persons to the Grand Jurors unknown...."

The second count of the indictment is identical to the first count except that the offense charged therein occurred the day after the offense charged in count one and involved different goods. Consequently, we have not quoted count two here.

**4.** Rule 7(c)(1) of the West Virginia Rules of Criminal Procedure provides that the "indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Under Rule 7(c)(1), an indictment or information must state for each count the official or customary citation of the statute or other provision of law which a defendant is accused of having violated. Both counts of the indictment in the present case state that the defendant is being charged with transferring stolen goods in violation of W.Va.Code, 61–3–18.

had reason to believe ... that [the property] had been stolen." Finally, the defendant must have committed the charged act "with a dishonest purpose." Syllabus Point 6, in part, *State v. Hall, supra.*[5]

The use of the disjunctive "or" and the history of the statute support the view that W.Va.Code, 61–3–18, contains separate offenses. In *State v. Smith*, 98 W.Va. 185, 187, 126 S.E. 703, 704 (1925), the Court explained that this statute was taken from the Virginia Code of 1860, which made it a crime to buy or receive from another person, or aid in concealing, any stolen goods. The statute did not originally include the word "transfer." This term was added to the statute in connection with the 1931 recodification of that statute. According to the Revisers' Note at page 1921 of the 1931 Official Code of West Virginia, the statute was "broadened to include the transfer as well as the receipt of stolen goods."

A review of our case law construing and applying the statute does not reveal a case dealing with the transfer of stolen goods. However, *State v. Manstoff*, 118 W.Va. 214, 189 S.E. 698 (1937), supports the conclusion that W.Va.Code, 61–3–18, does cover separate offenses. The defendant in *Manstoff* was charged in count one of an indictment with buying and receiving meat having a value of $28.15, knowing it to have been stolen. Count two charged the defendant with aiding in the concealment of the same meat, with the same knowledge. The jury returned a guilty verdict only on count two of the indictment.

The defendant contended on appeal that the jury's guilty verdict on count two was an implied acquittal on count one, and that the verdicts were therefore inconsistent and the guilty verdict must fall. The Court rejected this argument that the verdicts were fatally inconsistent, stating:

"It is not perceived, however, that this [the implied acquittal on count one] can in any wise affect the validity of the verdict on the second count. *The two offenses charged in the indictment were separate and distinct.* As an illustration, the defendant might well have purchased and received the meat in question without any knowledge of its having been stolen; and yet, if he later learned that it had been stolen, the concealment of the same, or aid in its concealment, would have subjected him to the penalties prescribed by statute for concealing stolen property. 53 C.J. 507. We hold, on this point, that the verdict of the jury was properly sustained by the court." 118 W.Va. at 216, 189 S.E. at 699. (Emphasis added).

*Manstoff* sustains the proposition that the crime of concealing or aiding in concealing stolen property is a distinct and separate offense from that of buying or receiving stolen goods.[6]

---

**5.** Although the statute by its terms does not contain any requirement of *scienter* or criminal intent and only specifies that the acts or conduct must be done with a certain requisite knowledge, this Court has construed the statute as containing a *mens rea* element, as stated in Syllabus Point 4 of *State v. Basham*, 159 W.Va. 404, 223 S.E.2d 53 (1976):

"In a prosecution under Code, 61–3–18, for buying or receiving stolen goods, a jury must find beyond a reasonable doubt that the accused acted with a 'dishonest purpose' before it can find him guilty of the offense, and the accused is entitled to have the jury properly instructed on the question of his intent."

*See also State v. Barker*, 176 W.Va. 553, 346 S.E.2d 344 (1986); Syllabus Point 6, *State v. Hall, supra; State v. McGraw*, 140 W.Va. 547, 550, 85 S.E.2d 849, 852 (1955); *State v. Smith*, 98 W.Va. 185, 187, 126 S.E. 703, 704 (1925),

*citing Hey v. Commonwealth*, 32 Gratt. 946 (1879); *State v. Barker*, 84 W.Va. 151, 154, 99 S.E. 252, 253 (1919).

**6.** A leading commentator echoes this distinction and explains:

"A few states punish one who 'conceals' or 'withholds' stolen property with knowledge that it is stolen. This wording subjects to liability one who received stolen property without knowledge of its stolen character but who, on later learning the truth, hides it from its owner or otherwise refuses to deliver it up." W. LaFave and A. Scott, Criminal Law 684 (1972). (Citation omitted).

We have held that a perpetrator of a larceny cannot be convicted of both the larceny and the receiving of the same goods. Syllabus Point 4, *State v. Koton*, 157 W.Va. 558, 202 S.E.2d 823 (1974); Syllabus, *State v. Fowler*, 117 W.Va. 761, 188 S.E. 137 (1936).

Each of the forbidden acts set forth in the statute is separated by the disjunctive "or," i.e., "buy or receive" or "aid in concealing" or "transfer." We have customarily stated "that where the disjunctive 'or' is used, it ordinarily connotes an alternative between the two clauses it connects." *Albrecht v. State*, 173 W.Va. 268, 271, 314 S.E.2d 859, 862 (1984), *citing State v. Elder*, 152 W.Va. 571, 577, 165 S.E.2d 108, 112 (1968).

The disjunctive language in this statute is similar to the wording of the driving while intoxicated statute discussed in *State v. Stollings*, 128 W.Va. 483, 37 S.E.2d 98 (1946). There, the defendant was indicted, in the words of the statute, for operating "a motor vehicle ... upon a public road ... while intoxicated or under the influence of intoxicating liquor, drugs, or narcotics," in violation of W.Va.Code, 17–8–25. 128 W.Va. at 484, 37 S.E.2d at 98. This Court, in discussing the indictment under that statute, stated:

> "The instant indictment, in our opinion, sets forth four distinct statutory offenses, that is driving or operating any vehicle, motor driven or otherwise, upon any public road or street while (1) 'intoxicated'; (2) 'under the influence of intoxicating liquor'; (3) 'under the influence of drugs'; or (4) 'and under the influence of narcotics.'" 128 W.Va. at 487, 37 S.E.2d at 99.

Although *Stollings* was limited to some extent by *State v. Loy*, 146 W.Va. 308, 119 S.E.2d 826 (1961), which dealt with how an indictment should be framed when the statute contains separate offenses, the basic statutory construction principle set in *Stollings* was not undermined.[7] *See also State v. Dawson*, 117 W.Va. 125, 184 S.E. 253 (1936) *overruled on other grounds, State v. 25 Slot Machines*, 163 W.Va. 459, 256 S.E.2d 595 (1979); *State v. Miller*, 68 W.Va. 38, 69 S.E. 365 (1910); *State v. Charlton*, 11 W.Va. 332 (1877).

Other courts have also concluded that each prohibited act listed disjunctively in a statute proscribing conduct relating to stolen goods is a separate and distinct offense. *People v. Boyce*, 110 Cal.App.3d 726, 168 Cal.Rptr. 219 (1980); *Bates v. State*, 516 S.W.2d 635 (Tenn.Cr.App.1974); *State v. Tappa*, 127 Wis.2d 155, 378 N.W.2d 883 (1985).

It does appear that some courts have concluded, where the sufficiency of an indictment is being challenged, that their statute creates one offense involving stolen property and that receiving, buying or concealing merely represent the various methods by which the offense can be committed. Consequently, these courts hold that an indictment is sufficient if it avers one or all of the methods because there is only one offense. *E.g., State v. Houston*, 211 N.W.2d 598 (Iowa 1973); *Whitehead v. State*, 54 Md.App. 428, 458 A.2d 905 (1983); *State v. Stapleton*, 27 Or.App. 389, 556 P.2d 156 (1976).[8]

■ We conclude that there is a sufficient disparity between the crime of transferring stolen property from that of receiving or aiding in the concealing of stolen property to warrant the conclusion that it is a separate offense. From a practical viewpoint, where one obtains property knowing that it is stolen and subsequently transfers it to someone other than the owner by way of a separate transaction, he has further compounded the problem of re-

---

**7.** *Loy* recognized that where a statute used the disjunctive to describe various methods by which a crime can be committed, these acts should be set out conjunctively, as stated in Syllabus Point 2: "Though separate criminal offenses charged in the same count of an indictment should be stated in the conjunctive, it is generally not error to use the disjunctive where only the method or manner of the commission of an offense is charged."

**8.** The Michigan Supreme Court in *People v. Kyllonen*, 402 Mich. 135, 262 N.W.2d 2 (1978), has discussed at length the English origins of the stolen property statute as a remedy for broadening the common crime of larceny, but avoided deciding whether its statute contained a single offense that could be committed by various methods or multiple offenses. It recognized that a latent double jeopardy issue might exist. We have held in *State v. Oldaker*, 172 W.Va. 258, 304 S.E.2d 843 (1983), that a defendant could not be convicted of both receiving and aiding in concealing stolen property.

turning the property to the rightful owner. His culpability has increased and additional punishment is warranted.

We, therefore, conclude that W.Va.Code, 61–3–18, contains a series of offenses which relate to stolen property and, despite some commonality in the elements, the offenses are separate and distinct. The elements of transferring stolen property are: (1) the property must have been stolen by someone other than the accused; (2) the accused must have transferred the property knowing or having reason to believe that the property was stolen; (3) the property must have been transferred to someone other than the owner; and (4) the accused must have transferred the property with a dishonest purpose.

The defendant makes a parallel argument that the crime of transferring stolen goods contains the element that the defendant obtained the stolen goods "from another person." This argument is based on buying or receiving stolen goods cases which do include that element, as indicated in the single Syllabus of *State v. Smith*, 98 W.Va. 185, 126 S.E. 703 (1925): "An indict-ment for the statutory offense of receiving stolen goods must allege the name of the person from whom the accused received such goods, or that such person is to the grand jury unknown." The court in *Smith* was careful to note that the indictment did not charge the defendant "aided in concealing the stolen goods." 98 W.Va. at 188, 126 S.E. at 704. *See also State v. Fowler*, 117 W.Va. 761, 763, 188 S.E. 137, 137 (1936). We conclude that in an indictment for transferring stolen goods, it is not necessary to aver that the defendant obtained the goods from another person before he transferred them as this is not an element of the crime.

For the foregoing reasons, the order dismissing the indictment is reversed and the case is remanded for further proceedings.

Reversed and Remanded.