575 S.E.2d 371

**STATE of West Virginia, Plaintiff Below, Appellee**

v.

**David ANDERSON, Defendant Below, Appellant.**

**No. 30524.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 29, 2002.

Decided Dec. 6, 2002.

Concurring and Dissenting Opinion of Justice Maynard Dec. 6, 2002.

Stephen S. Fitz, Fairmont, for Appellant.

Darrell V. McGraw, Jr., Attorney General, Jon R. Blevins, Assistant Attorney General, Charleston, for Appellees.

PER CURIAM:

This case is before this Court upon appeal of a final order of the Circuit Court of Monongalia County entered on June 13, 2001. In that order, the circuit court denied motions for judgment of acquittal and a new trial filed by the appellant and defendant below, David Anderson, and sentenced him to twelve months in the county jail for his conviction of transferring stolen property. However, the appellant's sentence was suspended, and he was placed on probation for a period of two years.

In this appeal, the appellant contends that the circuit court erred by failing to instruct the jury on all of the essential elements of the offense of transferring stolen property. He also claims that the circuit court erred by not allowing his attorney to argue during his closing argument that there had not been an actual transfer of stolen property in this

case. The appellant further claims that the State failed to prove that there was an actual transfer of stolen property. Finally, he contends that the evidence was insufficient to support the jury's verdict.

This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For the reasons set forth below, we reverse the appellant's conviction.

## I.

## FACTS

The appellant was indicted for transferring stolen property on January 5, 2001. At trial, the appellant testified that some time in April 2000, he was walking along a path under a bridge on South University Avenue in Morgantown, West Virginia. The appellant was going fishing when he noticed a large black canvas bag under the bridge. Upon closer inspection, the appellant discovered that the bag contained a camera and some camera equipment including filters and a flash unit. The appellant put the camera and equipment in his own backpack and went fishing.

Within the week, the appellant took the camera to Superior Photo, a local camera shop, for an appraisal. The appellant indicated that he had received the camera from an uncle. Superior Photo estimated that the camera was worth $1,000.00, and offered to put the camera in its consignment case for resale. The appellant chose to keep the camera. He then advertised it for sale in a newspaper, but did not receive any offers to purchase the camera.

Sometime later, when the appellant needed funds to pay his bills, he called various camera shops in Morgantown trying to sell the camera. The appellant learned that the camera was the type used by studios and eventually he contacted Sue Amos at Genesis Studio. Ms. Amos expressed an interest in purchasing the camera so the appellant took it to her for inspection. The appellant again

stated that he had received the camera from an uncle and wanted to sell it for $150 to $200. He left the camera at Genesis Studio so Ms. Amos could determine its value, and he went fishing.

Ms. Amos called a colleague to discuss the value of the camera and was advised that it sounded like a camera that had been stolen from Images by Joy, another photo studio. Soon after, the Morgantown Police were contacted, and by comparing serial numbers, it was determined that the camera was the one stolen from Images by Joy.

Subsequently, the appellant was questioned by the police. He willingly gave a statement regarding how he had found the camera under a bridge. He also took the police to the location where he found the camera. The canvas bag from which he retrieved the camera was still under the bridge.

Thereafter, the appellant was indicted for transferring stolen property as set forth in W.Va.Code § 61-3-18 (1923).[1] Following a jury trial on April 19, 2001, the appellant was found guilty. He filed post trial motions for a judgment of acquittal and a new trial. His motions were denied, and he was sentenced to twelve months in the county jail. His sentence was suspended, and he was placed on probation for a period of two years in the final order entered on June 13, 2001. This appeal followed.

## II.

## STANDARD OF REVIEW

As noted above, the appellant appeals an order denying his motions for judgment of acquittal and for a new trial. This Court has held that:

" 'Upon motion to direct a verdict for the defendant, the evidence is to be viewed in light most favorable to prosecution. It is not necessary in appraising its sufficiency that the trial court or reviewing court be convinced beyond a reasonable doubt of the guilt of the defendant; the question is whether there is substantial evidence upon

---

1. W.Va.Code § 61-3-18 states:

If any person buy or receive from another person, or aid in concealing, or transfer to a person other than the owner thereof, any stolen goods or other thing of value, which he knows or has reason to believe has been stolen, he shall be deemed guilty of the larceny thereof, and may be prosecuted although the principal offender be not convicted.

which a jury might justifiably find the defendant guilty beyond a reasonable doubt.' *State v. West,* 153 W.Va. 325, 168 S.E.2d 716 (1969)." Syl. pt. 1, *State v. Fischer,* 158 W.Va. 72, 211 S.E.2d 666 (1974).

Syllabus Point 10, *State v. Davis,* 176 W.Va. 454, 345 S.E.2d 549 (1986). This Court has also stated that:

As a general proposition, we review a circuit court's rulings on a motion for a new trial under an abuse of discretion standard. Thus, in reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

*Tennant v. Marion Health Care Foundation, Inc.,* 194 W.Va. 97, 104, 459 S.E.2d 374, 381 (1995) (citation omitted). With these standards in mind, we now consider the parties' arguments.

## III.

## DISCUSSION

▊ The appellant first contends that the circuit court erred by failing to instruct the jury on all of the essential elements of the offense of transferring stolen property. Specifically, the appellant says that the circuit court failed to instruct the jury that the State had to prove beyond a reasonable doubt that the property was stolen by someone other than himself. In support of his argument, the appellant relies upon Syllabus Point 1 of *State v. Taylor,* 176 W.Va. 671, 346 S.E.2d 822 (1986), wherein this Court held:

W.Va.Code, 61–3–18, contains a series of offenses which relate to stolen property and, despite some commonality in the elements, the offenses are separate and distinct. The elements of transferring stolen property are: (1) the property must have been stolen by someone other than the accused; (2) the accused must have transferred the property knowing or having reason to believe that the property was stolen;

(3) the property must have been transferred to someone other than the owner; and (4) the accused must have transferred the property with a dishonest purpose.

The record in this case shows that the jury was instructed as follows:

Before the Defendant, David Anderson, can be convicted of Transferring Property (greater than $1,000.00) as charged in the indictment, the State of West Virginia must prove to the satisfaction of the jury beyond a reasonable doubt that:

1.  The Defendant, David Anderson,

2.  in Monongalia County, West Virginia,

3.  on or about June 19, 2000,

4.  did intentionally and unlawfully,

5.  transfer to another person, other than the owner,

6.  goods which he knew or had reason to believe had been stolen,

7.  valued greater than One Thousand Dollars ($1,000.00),

8.  which transfer was with dishonest purpose and with the intent to permanently deprive the owner.

Since the circuit court failed to include the element which requires proof that the property was stolen by someone other than the accused, the appellant contends that the circuit court committed reversible error.

In response, the State concedes that the circuit court failed to include one of the essential elements of the offense of transferring stolen property in the charge to the jury. However, the State urges this Court to overrule *Taylor* and remove the element requiring proof that the property must have been stolen by someone other than the accused to sustain a conviction for transferring stolen property. In making this argument, the State notes that other jurisdictions have allowed separate convictions for stealing and transferring the same property. *Citing State v. Michielli,* 132 Wash.2d 229, 937 P.2d 587 (1997) (a defendant who steals property and later sells it can be charged with trafficking in stolen property); *State v. Strohm,* 75 Wash.App. 301, 879 P.2d 962 (1994) (a person can be convicted of theft and of trafficking the same property); *State v. Banks,* 358 N.W.2d 133 (Minn.Ct.App.1985) (a defendant convicted of theft based on retaining possession of a stolen item could also be

convicted for receiving stolen property based on transferring the stolen item).

◼ Clearly, the circuit court committed reversible error in this case. This Court has held that, "The trial court must instruct the jury on all essential elements of the offenses charged, and the failure of the trial court to instruct the jury on the essential elements deprives the accused of his fundamental right to a fair trial, and constitutes reversible error." Syllabus, *State v. Miller*, 184 W.Va. 367, 400 S.E.2d 611 (1990). *See also State v. Barker*, 176 W.Va. 553, 558, 346 S.E.2d 344, 349 (1986) ("Failure to afford a criminal defendant the fundamental right to have the jury instructed on all essential elements of the offense charged has been recognized as plain error.").

◼ Having found that the circuit court erred in instructing the jury, we must reverse the appellant's conviction.[2] In doing so, we note that we have considered the State's request that the law regarding the transfer of stolen property be changed by eliminating one of the elements of the offense. However, we can find no basis to reverse this Court's decision in *Taylor*. That decision was based upon the plain meaning of W.Va.Code § 61–3–18 which has not been amended since 1923. We decline to modify our holding in *Taylor* regarding the elements of the offense of transferring stolen property without a statutory basis to do so. As we have pointed out on several occasions, "This Court does not sit as a superlegislature ... It is the duty of the legislature to consider facts, establish policy, and embody that policy in legislation. It is the duty of this court to enforce legislation unless it runs afoul of the State or Federal Constitutions." *Boyd v. Merritt*, 177 W.Va. 472, 474, 354 S.E.2d 106, 108 (1986). *See also Verba v. Ghaphery*, 210 W.Va. 30, 36, 552 S.E.2d 406, 412 (2001); *State ex rel. Blankenship v. Richardson*, 196 W.Va. 726, 735, 474 S.E.2d 906, 911 (1996).

## IV.

### CONCLUSION

Accordingly, for the reasons set forth above, the final order of the Circuit Court of

Monongalia County entered on June 13, 2001, is reversed.

Reversed.

Justice MAYNARD dissents, in part, and concurs, in part, and files a separate opinion.

Justice ALBRIGHT concurs and files a concurring opinion in which Justice STARCHER joins.

MAYNARD, Justice, concurring, in part, and dissenting, in part:

I concur with the majority's decision in this case to the extent that it reverses the appellant's conviction. The failure to instruct the jury on all elements of the offense with which a defendant has been charged is reversible error. I dissent in this case, however, because I believe the majority should have taken this opportunity to revisit the decision in *State v. Taylor*, 176 W.Va. 671, 346 S.E.2d 822 (1986).

In *Taylor*, the Court recognized that "W.Va.Code, 61–3–18, contains a series of offenses which relate to stolen property and, despite some commonality in the elements, the offenses are separate and distinct." 176 W.Va. at 676, 346 S.E.2d at 826–27. The *Taylor* Court further concluded that "there is sufficient disparity between the crime of transferring stolen property from that of receiving or aiding in the concealing of stolen property to warrant the conclusion that it is a separate offense." 176 W.Va. at 675, 346 S.E.2d at 826. The Court then determined that:

> The elements of transferring stolen property are: (1) the property must have been stolen by someone other than the accused; (2) the accused must have transferred the property knowing or having reason to believe that the property was stolen; (3) the property must have been transferred to someone other than the owner; and (4) the accused must have transferred the property with a dishonest purpose.

Syllabus Point 1, in part, *Taylor*.

In making this determination, the *Taylor* Court relied upon cases previously decided in

2. Because the appellant's conviction is reversed, we need not address the remaining assignments of error.

accordance with W.Va.Code § 61–3–18 that involved buying, receiving, or aiding in the concealment of stolen goods. In particular, the Court focused upon cases that enumerated the elements of those offenses. A review of that case law shows that the elements of those offenses were first determined in the case of *State v. Smith,* 98 W.Va. 185, 126 S.E. 703 (1925).

At the time *Smith* was decided, the relevant statute provided:

> If any person buy or receive from another person, or aid in concealing, any stolen goods or other thing, knowing the same to have been stolen, he shall be deemed guilty of larceny thereof, and may be proceeded against, although the principal offender be not convicted.

98 W.Va. at 187, 126 S.E. at 704. The *Smith* Court stated that:

> Our statute is identical with that of the state of Virginia, and has remained as it came to us from the Virginia Code of 1860. In Hey v. Commonwealth, 73 Va. 946, 32 Grat. (Va.) 946, 34 Am. Rep. 799, it was held:
>
> > "To sustain the prosecution under the statute four things must be proved. 1. That the goods or other things were previously stolen by some other person. 2. That the accused bought or received them from another person, or aided in concealing them. 3. That at the time he so bought or received, or aided in concealing them, he knew they had been stolen. 4. That he so bought or received them, or aided in concealing them malo animo, or with a dishonest purpose."

*Id.* The *Taylor* Court applied the long-standing elements of receiving stolen property as set forth above to the offense of transferring stolen property. Although the *Taylor* Court recognized that the term "transfer" was not added to W.Va.Code § 61–3–18 until 1931, this fundamental change in the statute was

not taken into consideration.[1] 176 W.Va. at 674, 346 S.E.2d at 825 (footnote added). In that regard, I believe the *Taylor* Court erred.

It is well-established that the offense of receiving or concealing stolen property requires proof that the property was stolen by someone other than the accused. Such proof is necessary because an accused cannot be convicted of both larceny and receiving or concealing the same property.

> The reason for the rule, prohibiting conviction of both larceny and receiving or concealing the same stolen property, lies in the fact that the actions which constitute the taking or asportation of the property so far as the larceny is concerned are inseparable from those actions which constitute the receiving or concealment of the property. Thus, the receiving or concealment is considered not something that occurs subsequent to the larceny, but is in fact a part of it.

*Coley v. State,* 391 So.2d 725, 727 (Fla.Dist. Ct.App.1980). However, the offense of transferring stolen property is something that does in fact occur subsequent to the larceny. Moreover, the actions which constitute the offense of transferring stolen property are separate and distinct from the offense of larceny. Accordingly, I see no reason why a person cannot be found guilty of both larceny and transferring the same stolen property.

In this case, the State pointed out in its brief that several jurisdictions recognize that a person can be convicted of both theft and trafficking, i.e., transferring, the same property. I believe the majority should have taken this opportunity to bring West Virginia's jurisprudence in line with modern decisions on this issue.

Thus, for these reasons, I concur in part, and dissent, in part.

(Filed Dec. 11, 2002)

ALBRIGHT, Justice, concurring:

While I fully concur with the majority decision, I write separately to address the

---

1. Virginia's corresponding statute does not include the term "transfer." Va.Code Ann. § 18.2–108 (1975) ("If any person buy or receive from another person, or aid in concealing, any stolen goods or other thing, knowing the same to have been stolen, he shall be deemed guilty of larceny thereof, and may be proceeded against, although the principal offender be not convicted.")

dissent's proposition that this Court should have assumed an activist role in order to eliminate an established element of the offense of transferring stolen property by modifying our decision in *State v. Taylor*, 176 W.Va. 671, 346 S.E.2d 822 (1986). In more specific terms, the dissent opines that because the offense of transferring stolen property occurs subsequent to the larceny of the goods, the element of proof that the property was previously stolen by a person other than the accused is unnecessary. By eliminating this element, an accused could be charged and convicted of both larceny of the property and of transferring the stolen property.

The majority correctly declined the State's invitation to abandon an established element of the crime of transferring stolen property because this Court simply has no defensible reason for reaching that issue. Even though we may not have considered in *Taylor* all of the possible reasons why the Legislature included the term "transfer" in the provisions of § 61–3–18 when the statute was recodified in 1931, the Legislature has taken no steps to clarify a different intent regarding the elements of the crime since *Taylor* was handed down in 1986. Additionally, the text of the statute, which actually has not been amended since the 1931 recodification, provides ample support for the elements of the crime of transferring stolen property as defined by *Taylor*.[1]

It is readily apparent from the majority's recitation of facts that the prosecution sought this change in the law in order to correct its mistakes of failing to prove the questioned element, proposing a jury instruction which did not contain this element and losing the conviction on the basis of these omissions. By advocating for this change proposed by the prosecution in order to uphold the defendant's conviction in this case, the dissent ignores federal and state constitutional ex post facto proscriptions. It is quite clear from our holding in syllabus point one of *Adkins v. Bordenkircher*, 164 W.Va. 292, 262 S.E.2d 885 (1980), that any change in the elements of this offense could not be applied to the defendant because "[u]nder *ex post facto* principles of the United States and West Virginia Constitutions, a law passed after the commission of an offense which increases the punishment, lengthens the sentence or operates to the detriment of the accused, cannot be applied to him."

Consequently, I concur with the majority because I see absolutely no justification for disregarding our deep-rooted dedication to the principle of stare decisis in circumstances such as these where the law is clear. Casting aside well-settled law for no reason other than to substitute judge-made law is particularly reprehensible in the area of criminal law where clarity and fairness are overriding concerns.

I am authorized to state that Justice STARCHER joins me in this concurring opinion.

---

1. Since 1931, West Virginia Code § 61–3–18 has stated:

    If any person buy or receive from another person, or aid in concealing, or transfer to a person other than the owner thereof, any sto-len goods or other thing of value, which he knows or has reason to believe has been stolen, he shall be deemed guilty of the larceny thereof, and may be prosecuted although the principal offender be not convicted.