**Joseph TAYLOR, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted on Briefs: June 27, 1983.

Decided: July 28, 1983.

Robert C. Wolhar, Jr. of Wolhar & Moore, Georgetown, for defendant below, appellant.

Gary A. Myers, Deputy Atty. Gen., Georgetown, for plaintiff below, appellee.

Before McNEILLY, HORSEY and CHRISTIE, JJ.

McNEILLY, Justice:

Following a jury trial, defendant was found guilty of two counts of Receiving Stolen Property in violation of 11 *Del.C.* § 851.[1] In this appeal defendant challenges the Superior Court's jury instructions which were taken from Delaware Pattern Criminal Jury Instructions 18M and 18N, arguing that the instructions amounted to plain error in that they permitted the jury to return a guilty verdict without requiring findings on all the elements necessary for criminal liability under § 851. We agree and reverse.

■ The clear language of § 851 and the Commentary to the Criminal Code make it clear that there are three essential elements to the crime of Receiving Stolen Property. They are that the defendant:

(1) intentionally receives, retains or disposes of property of another;

(2) with intent to deprive the owner of it or appropriate it;

(3) knowing that it had been acquired under circumstances amounting to theft, or believing that it had been so acquired.

*See Sexton v. State,* Del.Supr., 397 A.2d 540, 544 (1979); *State v. Shahan,* Del.Super., 335 A.2d 277 (1975). In the instant case the Trial Judge instructed the jury as follows:

So in order to find the defendant guilty of receiving stolen property, you must find that the following elements have been established beyond a reasonable doubt:

First, that the defendant intentionally received, retained or disposed of property of another person; secondly, the defendant intended to deprive the owner of the property; or the defendant knew or believed that the property was acquired under circumstances amounting to theft.

I have instructed you that, as one element of the crime of receiving stolen property, you must find that the defendant knew or believed that the property was acquired under circumstances amounting to theft *or, in the alternative,* that he intended to deprive the owner of the property. (Emphasis added).

The above instructions allowed the jury to impose liability if the accused intentionally received, retained, or disposed of property of another person with intent to deprive the owner of it or to appropriate it *or, alternatively,* the accused intentionally received, retained or disposed of property knowing or believing that the property was acquired under circumstances amounting to theft. Under either of the above alternatives, liability would be found without the State having to establish an essential element of the crime. The first alternative lacks the requirement that the defendant knew or believed that the property had been acquired under circumstances amounting to theft. The second alternative allows a conviction without the State having to show the "intent to deprive the owner of it or appropriate it". Given this we must conclude that the instructions given in the instant case along with Pattern Criminal Jury Instructions 18M and 18N are incorrect as a matter of law.

---

1. § 851 provides:

A person is guilty of receiving stolen property if he intentionally receives, retains or disposes of property of another person with intent to deprive the owner of it or to appropriate it, knowing that it has been acquired under circumstances amounting to theft, or believing that it has been so acquired.

Receiving stolen property is a class A misdemeanor unless the value of the property received, retained or disposed of is $300 or more, or unless the receiver has twice before been convicted of receiving stolen property, in which case it is a class E felony.

Having found the instant instruction erroneous we must now determine whether it constitutes plain error since the defendant offered no objection to it at trial. Superior Court Criminal Rules 30(a) and 52(b). To assure a fair and impartial trial, a jury must be adequately informed by the Court, not only regarding the State's burden of proof beyond a reasonable doubt to support a conviction, but also in respect to all the essential elements of the offense. It is our view that it is plain error to fail to instruct the jury on the necessary elements of the crime. *State v. Davis,* Me Supr., 384 A.2d 45, 47 (1978); *United States v. King,* 521 F.2d 61 (10th Cir.1975); *Bryd v. United States,* 342 F.2d 939, 941 (D.C.Cir.1965); *People v. Davis,* 74 Ill.App.2d 450, 221 N.E.2d 63 (1966). In that the error was plain the judgment of the Superior Court must be and hereby is

\*     \*     \*

REVERSED.