329 S.E.2d 71

**STATE of West Virginia**

v.

**Michael BREEDEN.**

**No. 16361.**

Supreme Court of Appeals of
West Virginia.

April 11, 1985.

---

Askin, Pill, Scales & Burke, Michael L. Scales and David P. Greenberg, Martinsburg, for appellant.

George P. Stanton, III, Asst. Atty. Gen., Charleston, for appellee.

PER CURIAM:

The appellant, Michael Breeden, appeals from a final order of the Circuit Court of Berkeley County, entered September 27, 1983, which sentenced him to imprisonment in the state penitentiary for a term of ten years upon his conviction of the offense of aggravated robbery. The appellant asserts that the jury's verdict was not supported by the evidence. We agree, and we reverse the conviction.

The uncontroverted evidence shows that on the evening of April 11, 1983, Donald W. Haynes and his wife, Delores, drove to Martinsburg High School to attend a dinner for school service personnel. As Mr. and Mrs. Haynes were seated in their car in the school parking lot, the appellant and another individual, Richard Bell, approached, and the appellant leaned against the Haynes' car on the driver's side. When Mr. Haynes, who was seated behind the steering wheel, told the appellant to move, the appellant began cursing at Mr. Haynes,

reached through the open car window, grabbed Mr. Haynes' wristwatch and tore it from his arm. The appellant dropped the watch and then pulled Mr. Haynes' shirt over his head and struck him in the face.

Mr. Haynes attempted to open the car door on his side of the vehicle, but the appellant was blocking it. Mr. Haynes told his wife to get out of the car, crawled over the console, exited the car on the passenger side and walked to the rear of the vehicle. The appellant advanced upon Mr. Haynes, swearing and gesturing, and a scuffle ensued in which Mrs. Haynes and Bell also participated. When Mrs. Haynes began yelling for the police, the appellant and Bell retreated and appeared to be leaving, but then turned and started walking back toward the car. Mr. and Mrs. Haynes got back in their car, and as they began to drive away, Bell threw a large piece of asphalt which struck the trunk of the car. Bell and the appellant then retreated.

At this point Melvin Bowers, a Martinsburg city police officer, arrived on the scene in response to a call reporting a fight at the high school parking lot. Mr. Haynes approached Officer Bowers, told him that his watch had been stolen and pointed out the appellant and Bell, who were walking across the parking lot, as the perpetrators. When the officer approached the two and told them to stop, they began to run. Officer Bowers gave chase on foot, apprehended Bell and returned to his cruiser. Mr. Haynes gave him the wristwatch which he had found laying on the ground, its wristband broken, approximately two feet from the spot where the appellant had first approached his car. Shortly thereafter, the appellant was apprehended near the school grounds by another police officer.

The appellant was indicted on charges of aggravated robbery at the May 1983 term of the Berkeley County Grand Jury. At the appellant's trial, conducted before a jury on July 12, 1983, the State introduced the testimony of Mr. and Mrs. Haynes and of the two police officers. At the close of the State's case, the appellant moved for a judgment of acquittal based on the failure of the State to establish a *prima facie* case

of robbery. The trial court denied the motion, and the defense rested without presenting any evidence.

■ The principal issue in this appeal is whether the State presented sufficient evidence of the appellant's intent to steal the watch to support the conviction. It is well-settled that "[t]he animus furandi, or the intent to steal or to feloniously deprive the owner permanently of his property, is an essential element in the crime of robbery." Syllabus Point 2, *State v. Hudson,* 157 W.Va. 939, 206 S.E.2d 415 (1974). *See also State v. McCoy,* 63 W.Va. 69, 59 S.E. 758 (1907). In the order to sustain a conviction, the State must prove every essential element of the crime charged beyond a reasonable doubt. *State v. Pendry,* 159 W.Va. 738, 227 S.E.2d 210 (1976); *Pinkerton v. Farr,* 159 W.Va. 223, 220 S.E.2d 682 (1975).

Where ... the specific intent to accomplish a particular purpose is an essential element of the crime, it is necessary to establish the fact of that intent beyond a reasonable doubt, and while such intent may be established by existing circumstances, these must be wholly inconsistent with the theory of innocence.

Syllabus Point 4, in part, *State v. McHenry,* 93 W.Va. 396, 117 S.E. 143 (1923). *See State v. Ocheltree,* 170 W.Va. 68, 289 S.E.2d 742 (1982); *State v. Mayle,* 136 W.Va. 936, 69 S.E.2d 212 (1952).

■ In the case at bar the State produced no evidence, direct or circumstantial, of the appellant's intent to permanently deprive Mr. Haynes of his wristwatch. Without question the State proved a "taking and carrying away" sufficient to support a charge of larceny or robbery. *See State v. Chambers,* 22 W.Va. 779 (1883). However, the taking does not, of itself, import a felonious intent. *State v. Morris,* 96 W.Va. 291, 122 S.E. 914 (1924). *Cf. State v. Craft,* 165 W.Va. 741, 272 S.E.2d 46 (1980).

■ Mr. Haynes testified that the appellant dropped the watch immediately after seizing it. At no time during the entire incident did he or Mrs. Haynes observe the appellant attempt to retrieve the watch

from the ground. Nor did the appellant make an immediate attempt to flee the scene which would have suggested an aborted robbery attempt. Instead he remained by the car and waited for Mr. Haynes to exit the vehicle on the passenger side and walk around the rear of the vehicle, at which point the appellant advanced upon Mr. Haynes. This evidence is at least as supportive of the appellant's assertion that the watch was seized merely as an incident of the fight as it is of the State's theory of robbery.

In Syllabus Point 1 of *State v. Starkey*, 161 W.Va. 517, 244 S.E.2d 219 (1978) we held:

> In a criminal case, a verdict of guilt will not be set aside on the ground that it is contrary to the evidence, when the state's evidence is sufficient to convince unpartial minds of the guilt of the defendant beyond a reasonable doubt. The evidence is to be viewed in the light most favorable to the prosecution. To warrant interference with a verdict of guilt on the ground of insufficiency of evidence, the court must be convinced that the evidence was manifestly inadequate and that consequent unjustice has been done.

Viewing the essentially undisputed facts of this case in the light most favorable to the prosecution, we are convinced that the evidence of intent to steal was manifestly inadequate to support the conviction and that an injustice has occurred in this case. While the appellant's unjustified violent actions may well support a conviction of the crime of assault and other related offenses, the State has failed to produce sufficient evidence to support a conviction for aggravated robbery.

Because we reverse the appellant's conviction on the ground that the State has failed to produce sufficient evidence of intent to steal, we deem it unnecessary to address the other assignments of error raised by the appellant. Retrial of the appellant on any charge in which such intent is an essential element of the offense is barred by double jeopardy. "'The Double Jeopardy Clause of the Federal and this State's Constitutions forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding.' Syllabus Point 4, *State v. Frazier*, 162 W.Va. 602, 252 S.E.2d 39 (1979)." Syllabus Point 3, *State v. Milam*, 163 W.Va. 752, 260 S.E.2d 295 (1979).

For the reasons stated herein, this Court is of the opinion that the appellant's conviction of the crime of aggravated robbery should be vacated, and the appellant should be properly indicted. Accordingly, the judgment of the Circuit Court of Berkeley County is hereby reversed.

Reversed.