400 S.E.2d 611

**STATE of West Virginia**

v.

**Gary Wayne MILLER.**

No. 19593.

Supreme Court of Appeals of West Virginia.

Dec. 19, 1990.

Gloria M. Stephens, Welch, for Gary Wayne Miller.

Roger W. Tompkins, Atty. Gen. and Joanna Tabit, Asst. Atty. Gen., Atty. General's Office, Charleston, for the State.

McHUGH, Justice:

This is an appeal by the appellant, Gary Wayne Miller, from his conviction by a jury in the Circuit Court of Wyoming County of one count each of grand larceny, forgery, and uttering. The appellant assigns as error, among other things, the trial court's failure to instruct the jury on the material elements of the offenses with which he was charged. We find that the failure of the trial court to instruct the jury on all elements of the offenses charged was reversible error, and accordingly, we remand this case for a new trial.

On the morning of February 13, 1987, Herbert Linkous, an employee of Eastern Associated Coal Company, was completing his shift at work. As Mr. Linkous came outside of the mine, he stopped to talk to two co-workers about an employee who had been discharged that morning. While they were discussing the discharge, Mr. Linkous was handed his payroll check which he immediately placed in his dinner bucket. After he finished discussing the discharge with his co-workers, he proceeded to the bathhouse to shower. Mr. Linkous placed his dinner bucket on the floor just inside the bathhouse door, and went into the bathroom. After he finished showering, approximately fifteen minutes later, Mr. Linkous went to the mine office to speak with the company's grievance coordinator, Howard Price, regarding the employee who was discharged earlier that morning. Mr. Linkous met with Mr. Price for approximately one-half hour and then went home.

While Mr. Linkous was eating his breakfast at home, he asked his wife to get his paycheck from his dinner bucket. Upon discovering that the paycheck was missing from the dinner bucket, Mr. Linkous telephoned Mr. Price to tell him to stop payment on the check. After discussing the matter with Mr. Price on the telephone, Mr. Linkous immediately went to the mine of-

fice to talk to him personally. While Mr. Linkous was at the mine office, the bank called to advise the company that the paycheck had already been cashed.

Mr. Price reported this incident to Trooper Larry Farley. During his investigation, Trooper Farley interviewed the tellers at the Bank of Oceana. Based on photographs shown to her by Trooper Farley, Karen Maynor, the teller who cashed the forged check, identified the appellant as the man who signed the check and presented it for cashing. Trooper Farley then obtained arrest warrants for the appellant.

The grand jury returned an indictment against the appellant charging him with grand larceny, forgery, and uttering. Following a three-day trial, the jury returned a verdict finding the appellant guilty of one count each of grand larceny, forgery, and uttering. The appellant was then sentenced by the trial court to an indeterminate term of one to ten years in the state penitentiary on each count of the indictment, with the sentences to run concurrently.

The dispositive question in this appeal is whether the trial court's failure to instruct the jury on all of the essential elements of the offenses charged was reversible error. The appellant contends that the failure of the trial court to instruct the jury on all of the essential elements of the offenses charged was plain error. The state asserts that the decision of the appellant's counsel not to offer jury instructions on the material elements of the offenses

charged was a deliberate trial strategy and constituted invited error.

The state in this case did not offer any instructions. The appellant did offer instructions, none of which, however, identified the essential elements of the offenses with which he was charged. The trial court, furthermore, did not, *sua sponte*, instruct the jury as to the material elements of the crimes charged. Thus, the jury was not told in the instructions what crimes the appellant was actually being tried for and what the elements of those crimes were that the state had to prove.

This Court has consistently recognized that the jury must be clearly and properly advised of the law in order to render a true and lawful verdict. *State v. Romine*, 166 W.Va. 135, 137, 272 S.E.2d 680, 682 (1980); *State v. McClure*, 163 W.Va. 33, 37, 253 S.E.2d 555, 558 (1979). "Ultimately, the responsibility to ensure in criminal cases that the jury is properly instructed rests with the trial court." *State v. Lambert*, 173 W.Va. 60, 312 S.E.2d 31, 34 (1984); *State v. Dozier*, 163 W.Va. 192, 255 S.E.2d 552 (1979). All instructions are the court's instructions. *State v. Riley*, 151 W.Va. 364, 151 S.E.2d 308 (1966).

Clearly, the accused has a fundamental right to have the jury instructed on the essential elements of the offense charged. As we observed in *State v. Barker*, 176 W.Va. 553, 558, 346 S.E.2d 344, 349 (1986): "[f]ailure to afford a criminal defendant the fundamental right to have the jury instructed on all essential elements of the offense charged has been recognized as plain error." [1]

---

1. Although we have never stated a general rule regarding the requirement to properly instruct the jury as to all of the elements of the crime charged, we have applied this rule in specific cases. For example, recognizing that intent cannot be presumed when it is an element of the crime charged, we held in syllabus point 2 of *State v. Barnett*, 168 W.Va. 361, 284 S.E.2d 622 (1981): "In a criminal trial for violation of Code, 60A-4-401(a), the jury must be instructed about each element of the crime including intent." We also noted in *State v. Barnett* that "total failure to instruct on a critical element is reversible." 168 W.Va. at 364 n. 2, 284 S.E.2d at 623 n. 2.

We have also held that the giving of an incomplete instruction constitutes reversible error

where the omission involves an element of the crime. In syllabus point 3 of *State v. England*, 180 W.Va. 342, 376 S.E.2d 548 (1988), we stated:

'Where a trial court gives, over objection, an instruction which incompletely states the law, and the defect is not corrected by a later instruction, the giving of such incomplete instruction constitutes reversible error where the omission involves an element of the crime.' Syllabus, *State v. Jeffers*, 162 W.Va. 532, 251 S.E.2d 227 (1979).

In *England*, however, we also held that a defective instruction may be harmless where the state's evidence is substantial, and the defendant admits the occurrence of the crime, but relies on a defense of alibi, insanity, or self-defense.

The general rule in many jurisdictions is that the trial court must instruct the jury on all elements of the offense charged. *People v. Moore*, 211 Cal.App.3d 1400, 260 Cal.Rptr. 134 (1989), *called into question on another point by, People v. Bravo*, 219 Cal.App.3d 729, 268 Cal.Rptr. 486 (1990); *People v. Williams*, 120 Ill.App.3d 900, 76 Ill.Dec. 512, 458 N.E.2d 1312 (1983); *State v. Brown*, 479 A.2d 1317 (Me.1984); *Neal v. State*, 451 So.2d 743 (Miss.), *cert. denied*, 469 U.S. 1098, 105 S.Ct. 607, 83 L.Ed.2d 716 (1984); *State v. Harris*, 313 S.W.2d 664 (Mo.1958); *Atterberry v. State*, 731 P.2d 420 (Okla.Crim.App.1986); *Commonwealth v. Ford–Bey*, 504 Pa. 284, 472 A.2d 1062 (1984); *Casey v. State*, 491 S.W.2d 90 (Tenn.Crim.App.1972); *State v. Girouard*, 135 Vt. 123, 373 A.2d 836 (1977). *See* 23A C.J.S. Criminal Law § 1312 (1989). Other jurisdictions have also recognized that the trial court's failure to instruct the jury on the essential elements of the offense constitutes reversible error. *State v. Payne*, 12 Conn.App. 408, 530 A.2d 1110 (1987); *Taylor v. State*, 464 A.2d 897 (Del.1983); *Gardner v. State*, 185 Ga.App. 184, 363 S.E.2d 843 (1987); *People v. Price*, 21 Mich. App. 694, 176 N.W.2d 426 (1970); *State v. Roberts*, 711 P.2d 235 (Utah 1985); *Dowdy v. Commonwealth*, 220 Va. 114, 255 S.E.2d 506 (1979).

The reasons for requiring the jury to be instructed on the essential elements of the offense charged are obvious. In a criminal trial, the state has the burden of proving every essential element of the crime charged beyond a reasonable doubt. *State v. Tanner*, 181 W.Va. 210, 213, 382 S.E.2d 47, 50 (1989); *State v. Breeden*, 174 W.Va. 705, 329 S.E.2d 71 (1985). A trial court's failure to instruct the jury on the material elements of the offense charged essentially deprives the jury of the opportunity to consider whether the state has actually proven those elements.[2] It also deprives the ac-

cused of his fundamental right to have the jury instructed on all of the essential elements of the offenses for which he is charged.

Thus, we conclude that the trial court must instruct the jury on all essential elements of the offenses charged, and the failure of the trial court to instruct the jury on the essential elements deprives the accused of his fundamental right to a fair trial, and constitutes reversible error.[3]

Thus, for the reasons stated herein, we remand this case to the Circuit Court of Wyoming County for a new trial.

Reversed and remanded.

---

2. *State v. Payne*, 12 Conn.App. 408, 412, 530 A.2d 1110, 1112 (1987); *Dowdy v. Commonwealth*, 220 Va. 114, 116, 255 S.E.2d 506, 508 (1979).

3. On appeal, the appellant has also asserted three other assignments of error: (1) the evidence was insufficient to sustain the appellant's convictions; (2) the state failed to disclose pretrial discovery evidence to the appellant; and (3) the prosecuting attorney made statements in the closing argument concerning facts not in evidence. Upon review, we find no merit in these assignments of error.