## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Morgan Shepherd,**
**Petitioner Below, Petitioner**

**FILED**

**April 8, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 15-0327** (Logan County 02-C-144)

**David Ballard, Warden, Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Morgan Shepherd, by counsel Lonnie C. Simmons, appeals the Circuit Court of Logan County's order denying his petition for a writ of habeas corpus, entered on March 13, 2015. Respondent David Ballard, Warden, Mount Olive Correctional Complex, by counsel Nic Dalton, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Factual and Procedural Background

Following a six-day jury trial in 2000, petitioner was convicted of the first degree murder of his wife and was sentenced to life in prison without the possibility of parole. The evidence at petitioner's trial revealed that on August 27, 1999, petitioner and his wife had an argument. Petitioner ordered his ten-year-old stepson to retrieve petitioner's gun from a neighbor's residence and threatened to hurt the boy if he refused. The stepson returned with the gun (a six-shot revolver), gave it to petitioner, and petitioner loaded it. Petitioner went to the living room where his wife sat with the stepson and two other children, ages seven and eight years old, and demanded that his wife leave the residence. When she refused, petitioner retrieved the loaded gun, put the barrel to his wife's head, and said, "I am going to kill you bitch." The wife kicked petitioner in the stomach, causing him to fall against the couch. As petitioner got up, he shot his wife several times, emptying the gun. He then re-loaded the gun and shot her again. After the shooting, petitioner retrieved beer from his refrigerator, left the house on foot, and returned when the State Police arrived.

At trial, petitioner did not dispute shooting and killing his wife; however, he challenged the State's position that the killing constituted first degree murder. He contended at trial that his conduct warranted a second degree murder conviction because the alcohol and drugs he had

1

consumed in and around the time of the killing rendered him incapable of premeditation and deliberation. The children testified that petitioner had been drinking and consuming pills during the days before and on the day of the shooting. Also, a psychiatrist who had examined petitioner testified that, in addition to drinking heavily for three days, petitioner had ingested a number of strong prescription pills that made it impossible for him to reflect on and consider his actions before he killed the victim. Despite petitioner's claim that he lacked the requisite intent, the jury convicted him of first degree murder and did not recommend mercy.[1] The circuit court sentenced petitioner to life in prison without the possibility of parole.

Central to petitioner's current appeal is the circuit court's instruction to the jury regarding first and second degree murder, State's Instruction No. 13. This instruction, among other things, set forth the respective elements necessary for a first or second degree murder conviction. However, in reading part of that instruction to the jury, the circuit court stated as follows:

> If the jury and each member of the jury has a reasonable doubt of the truth of the charge as to any one or more of these elements of Murder in the First Degree, you shall find the Defendant Morgan Shepherd not guilty of Murder in the *Second* Degree (and deliberate on the lesser included offense of Murder in the Second Degree as hereinafter instructed.)

(Emphasis added). It is undisputed that the circuit court erred when it said "second" degree; it should have said "first" degree.[2]

In May of 2001 petitioner appealed his conviction to this Court, which this Court refused by order entered on November 7, 2001.[3] In May of 2002 petitioner filed a pro se petition for a writ of habeas corpus in the circuit court. During the next several years, petitioner filed additional pro se pleadings and was appointed several different attorneys. Petitioner's current counsel was appointed in 2009 and filed an amended habeas petition in November of 2011.[4] The

---

[1] The trial was not bifurcated into guilt and mercy phases.

[2] It was not discovered that the court misspoke in instructing the jury until petitioner's current habeas counsel obtained a copy of the court reporter's audio recording of the instruction as it was actually read to the jury.

[3] Petitioner states that when the case was tried in 2000 the court reporter did not transcribe the circuit court's actual instruction as it was read to the jury. Rather, the transcript at that time merely noted that the "Court read aloud to the jurors in in open Court State's Instruction Nos. 1, 2, 3, 5, 6, 8, 9, 11, 66, and 13, and Defendant's Instruction No. 1." As a result, petitioner states, when the case was appealed to this Court in 2001, the record did not include any transcription of the circuit court's actual reading of the text of the instructions, and also did not include any transcription of any objections to, or modifications of, the instructions. During the habeas proceeding, petitioner's counsel reviewed the audio recording of the trial and requested that the court reporter transcribe additional portions of the trial, including State's Instruction No. 13 as it was actually read by the court to the jury.

circuit court held a hearing on November 1, 2012, at which petitioner's counsel focused exclusively on the circuit court's reading of State's Instruction No. 13, which petitioner deemed to be a dispositive failure by the circuit court to properly instruct the jury.[5] At the hearing, the circuit court directed that petitioner's counsel file a *Losh* list,[6] which he had not yet done. Petitioner's counsel noted an objection, but filed a *Losh* list January 16, 2013, raising additional grounds upon which petitioner sought habeas relief.[7]

A status conference in the habeas proceeding was scheduled for March 17, 2015; however, on March 13, 2015, the circuit court entered a final order denying petitioner habeas relief. The circuit court found the instructional error to be harmless and reasoned that State's Instruction No. 13 correctly set forth the elements of first and second degree murder; that the instruction correctly instructed the jury that if it was convinced beyond a reasonable doubt that the State proved the elements of first degree murder, it could find petitioner guilty of that charge; that the jury found that the State met its burden in proving the elements of first degree murder such that it was not necessary for the jury to consider other possible verdicts; and, therefore, any instruction with respect to second degree murder was not an issue for the jury. After discussing and rejecting the other grounds for relief alleged in the habeas petition based on the briefs of the parties,[8] the court went on to reject the grounds raised in petitioner's *Losh* list.[9] Petitioner now appeals to this Court.

## Discussion

We review the denial of a habeas petition under the following standard:

---

[4] Petitioner filed a pro se supplement to counsel's amended petition in December of 2011.

[5] Petitioner's counsel states that his intent was to obtain a ruling on the instruction issue, and to preserve the other issues raised in his petition for a future hearing.

[6] A *Losh* list is submitted pursuant to *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

[7] Petitioner's counsel states that he always objects to being required to submit a *Losh* list because he believes being forced to disclose the theories for relief that have been considered and rejected violates the attorney-client and work product privileges.

[8] Petitioner also raised the following issues: State's Instruction No. 6 improperly shifted the burden of proof with respect to malice; ineffective assistance of trial counsel; and errors in the trial transcript prevented an appeal.

[9] On March 25, 2015, petitioner filed a Motion to Amend Final Judgment in which he argued that the habeas court addressed issues that were not ripe for decision because the parties' focus at the November 2012 hearing was exclusively on the instructional error. Petitioner's counsel also argued that the court did not address or acknowledge all of the issues raised by the petitioner in his pro se pleadings. Petitioner requested that the court address these issues, rather than deem them to be waived, or alternatively, for the court to schedule another hearing.

3

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). On appeal, petitioner raises two assignments of error. The first assignment of error focuses on the habeas court's ruling on the erroneous instruction. In his second assignment of error, petitioner asserts that the matter was not ripe for a decision denying all grounds of habeas relief.

With respect to State's Instruction No. 13, petitioner argues that the circuit court erred in concluding that the trial court's failure to correctly and completely instruct the jury on the elements of first and second degree murder was harmless error. Petitioner challenges the habeas court's ruling that the instructional error was harmless on two fronts: First, relying on *State v. Miller*, 184 W.Va. 367, 400 S.E.2d 611 (1990), petitioner argues that the jury was never instructed that if it found reasonable doubt as to any element of first degree murder, that it shall find petitioner not guilty of first degree murder. In *Miller*, this Court held that "[t]he trial court must instruct the jury on all essential elements of the offenses charged, and the failure of the trial court to instruct the jury on the essential elements deprives the accused of his fundamental right to a fair trial, and constitutes reversible error." *Id.* at Syllabus.

In the present case, petitioner argues that the instruction incorrectly directed the jury that if there was doubt as to any element of first degree murder, it should find petitioner not guilty of second degree murder. Petitioner acknowledges that the instruction correctly set out the elements of first degree murder, but petitioner emphasizes that a critical component of a proper instruction is what happens if the jury thinks that the State failed to meet one of those elements. To petitioner, this is where the instruction cannot be deemed harmless.

Petitioner presents a second challenge to the habeas court's ruling that the instructional error was harmless. Petitioner argues that State's Instruction No. 13 also erroneously instructed the jury on what it must find before considering whether petitioner may be guilty of second degree murder. Petitioner states that the instruction directs the jury to deliberate on second degree murder if it has reasonable doubt "as to any one or more of these elements" of first degree murder. Petitioner notes that some of the elements of first and second degree are the same, with the main difference being the element of premeditation. Petitioner argues that if the jury had a reasonable doubt as to any of the elements *other than premeditation*, then it is not correct to instruct them that they must deliberate on second degree murder. Stated another way, petitioner argues that reasonable doubt regarding an element other than premeditation means petitioner is guilty of neither first nor second degree murder.

Upon our review of the record, we disagree with petitioner and find that the instructional error was harmless because (1) State's Instruction No. 13, when viewed as a whole, correctly instructed the jury on the elements required for first and second degree murder, and (2) there was no genuine dispute at petitioner's trial as to whether the State proved the elements other than premeditation. *See State v. Swims,* 212 W.Va. 263, 270, 569 S.E.2d 784, 791 (2002) ("Error is

harmless when it is trivial, formal, or merely academic, and not prejudicial to the substantial rights of the party assigning it, and where it in no way affects the outcome of the trial. Stated conversely, error is prejudicial and grounds for reversal only when it affects the final outcome and works adversely to a substantial right of the party assigning it.") (citation omitted).

Contrary to petitioner's argument, the instructional error in the present case does not require reversal under *Miller.* The jury was instructed on "all [of the] essential elements of the offenses charged." 184 W.Va. 367, 400 S.E.2d 611, Syllabus. The trial court set forth the complete elements of first degree murder and instructed the jury that the State must prove each element beyond a reasonable doubt before petitioner could be convicted. Likewise, the trial court also set forth the complete elements of second degree murder and told the jury that the State must prove the elements beyond a reasonable doubt before petitioner could be convicted of that charge. Separate from its correct reading of the elements of the two charges, the trial court misspoke and transposed words when it told the jury to find petitioner not guilty of *second* degree murder if the jury had reasonable doubt as to the elements of *first* degree murder. Therefore, the present case is nothing like *Miller,* where the defendant was charged with larceny, forgery, and uttering, and the trial court failed to instruct the jury on any of the elements of the crimes charged.

Furthermore, this Court has held that "[j]ury instructions are reviewed by determining whether the charge, reviewed as a whole, sufficiently instructed the jury so they understood the issues involved and were not mislead by the law. A jury instruction cannot be dissected on appeal; instead, the entire instruction is looked at when determining its accuracy." Syl. Pt, 4, in part, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). As stated above, there is no dispute that the instruction correctly set forth the elements of first degree murder. After considering the evidence, the jury convicted petitioner of first degree murder, meaning they had no reasonable doubt that the State proved each of the required elements. The trial court's error in its reading of the instruction related to the jury's course of action if the jury had a reasonable doubt as to these elements, which clearly it did not. The jury never reached the point at which the instructional error mattered. Accordingly, we agree with the circuit court that the instructional error was harmless because it did not "affect[] the final outcome [of the trial]" and did not "work[] adversely to a substantial right" of petitioner. *Swims,* 212 W.Va. at 270, 569 S.E.2d at 791.

Petitioner's second assignment of error is that

[t]he trial court erred in ruling on petitioner's alternative ineffective assistance of counsel claim and the related inadequacy of the record for the initial appeal argument and in ignoring all of the pro se issues raised by petitioner when petitioner had not yet made a record on this issues because counsel for petitioner deemed the undisputed instructional error to be dispositive and arguments made at the November 1, 2012, hearing focused only on that issue[.]

Petitioner acknowledges that this case became procedurally more complicated when petitioner filed a pro se pleading after counsel was appointed and filed a petition on his behalf. But, petitioner's counsel contends that his petition raised issues that were not ripe for decision

5

because the hearing focused only on the instructional error. Petitioner states that the circuit court planned to conduct a status hearing on March 17, 2015, but disposed of the matter beforehand and cancelled the hearing. Petitioner argues that he was denied the opportunity to pursue all of the issues he raised.

Based on our review the record, we easily conclude that petitioner's argument has no merit. In syllabus point one of *Losh,* we held that

> [a]n omnibus habeas corpus hearing as contemplated in *W.Va. Code*, 53-4A-1 *et seq.* (1967) occurs when: (1) an applicant for habeas corpus is represented by counsel or appears *pro se* having knowingly and intelligently waived his right to counsel; (2) the trial court inquiries into all the standard grounds for habeas corpus relief; (3) a knowing and intelligent waiver of those grounds not asserted is made by the applicant upon advice of counsel unless he knowingly and intelligently waived his right to counsel; and, (4) the trial court drafts a comprehensive order including the findings on the merits of the issues addressed and a notation that the defendant was advised concerning his obligation to raise all grounds for post-conviction relief in one proceeding.

166 W.Va. at 762, 277 S.E.2d at 607. Petitioner's counsel makes clear in his brief that he believed the instructional error issue was dispositive in the habeas proceeding. He opted to take a narrow approach at the November 1, 2012, hearing by arguing only the instructional error issue, rather than presenting all of the issues in the various pleadings that had been filed. The circuit court committed no error by refusing petitioner additional opportunity to present the claims that he chose to not present at the omnibus hearing.

For the foregoing reasons, we affirm the circuit court's "Order Denying Petition for Habeas Corpus" entered on March 13, 2015.

Affirmed.

**ISSUED: April 8, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis

6