IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2020 Term

_____

No. 18-1043

_____

FILED

**May 29, 2020**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Plaintiff Below, Respondent

v.

KEVIN WOODRUM,
Defendant Below, Petitioner

_____

Appeal from the Circuit Court of Boone County
The Honorable William S. Thompson, Judge
No. 17-F-74

REVERSED AND
REMANDED WITH INSTRUCTIONS

_____

Submitted: February 12, 2020
Filed: May 29, 2020

Mark Hobbs, Esq.
Chapmanville, West Virginia
Counsel for Petitioner

Patrick Morrissey, Esq.
Attorney General
Holly M. Flanigan, Esq.
Assistant Attorney General
Charleston, West Virginia
Counsel for Respondent

JUSTICE WALKER delivered the Opinion of the Court.

CHIEF JUSTICE ARMSTEAD and JUSTICE JENKINS dissent and reserve the right to file dissenting opinions.

# SYLLABUS BY THE COURT

1.    "Although the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence."  Syllabus Point 4, *Sanders v. Georgia–Pacific Corp.*, 159 W. Va. 621, 225 S.E.2d 218 (1976).

2.    "As a general rule, the refusal to give a requested jury instruction is reviewed for an abuse of discretion. By contrast, the question of whether a jury was properly instructed is a question of law, and the review is *de novo*."  Syllabus Point 1, *State v. Hinkle*, 200 W. Va. 280, 489 S.E.2d 257 (1996).

3.    "The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature."  Syllabus Point 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (1975).

4.    "A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect."  Syllabus Point 2, *State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951).

5.     "The trial court must instruct the jury on all essential elements of the offenses charged, and the failure of the trial court to instruct the jury on the essential elements deprives the accused of his fundamental right to a fair trial, and constitutes reversible error." Syllabus, *State v. Miller*, 184 W. Va. 367, 400 S.E.2d 611 (1990).

WALKER, Justice:

A Boone County jury convicted Petitioner of kidnapping his wife after the circuit court instructed that the crime of kidnapping under West Virginia Code § 61-2-14a(a)(2) (2014) is the unlawful restraint of another with the intent to terrorize the victim. Petitioner moved for a new trial, arguing that the circuit court's instruction omitted an essential element of the crime of kidnapping under that statute: transportation. The circuit court denied the motion and Petitioner appealed.

We agree with Petitioner that the circuit court's instruction was erroneous given the clear language of § 61-2-14a(a)(2). That statute criminalizes the unlawful restraint of another person with the intent to transport another person with the intent to inflict bodily injury or to terrorize the victim. It does not criminalize the unlawful restraint of another person with the intent to terrorize the victim, as the circuit court instructed. So, the circuit court's jury instruction on the crime of kidnapping, § 61-2-14a(a)(2), was incomplete. That fundamental error leaves us with no alternative but to reverse, in part, and affirm, in part, the decision of the circuit court to deny Petitioner's motion for a new trial.

## I. PROCEDURAL HISTORY

In April 2017, the Boone County grand jury returned an indictment charging Petitioner with six offenses: kidnapping; second-degree sexual assault; malicious assault;

assault during the commission of a felony; strangulation; and domestic battery, second offense. As to Count 1, kidnapping, the grand jury charged that,

> during and between the 9[th] day of December, 2016, and the 10[th] day of December, 2016, in Boone County, West Virginia, KEVIN WOODRUM, committed the offense of "Kidnapping" by unlawfully and feloniously restraining another person with the intent to terrorize such other person, to wit: by restraining Jessica Woodrum against her will to coerce her with violence,

in violation of West Virginia Code § 61-14a(a)(2) (2014).[1]

Trial began on August 28, 2018. Petitioner moved for a judgment of acquittal at the close of the State's case. He argued that "transport" was an element of the crime of

---

[1] The statute states, in pertinent part:

> (a) Any person who unlawfully restrains another person with the intent:
>
> (1) To hold another person for ransom, reward, or concession;
>
> (2) To transport another person with the intent to inflict bodily injury or to terrorize the victim or another person; or
>
> (3) To use another person as a shield or hostage, shall be guilty of a felony and, upon conviction, shall be punished by confinement by the division of corrections for life, and, notwithstanding the provisions of article twelve, chapter sixty-two of this code, shall not be eligible for parole.

The Legislature amended § 61-2-14a(a) in 2017. *See* 2017 Acts 52, eff. July 2, 2017 ("(a) Any person who unlawfully takes custody of, conceals, confines or restrains another person against his or her will by means of force, threat of force, duress, fraud, deceit, inveiglement, misrepresentation or enticement with the intent . . . ."). The events at issue in this case occurred in 2016, so the amendments to § 61-2-14a(a)(2) effective July 2, 2017, do not apply. Neither Petitioner nor the State argues that the 2017 amendments to § 61-2-14a(a)(2) figure into the analysis of the circuit court's jury instruction.

kidnapping under West Virginia Code § 61-2-14a(a)(2), an element that the State had not proved. Conversely, the State argued that § 61-2-14a(a)(2) was disjunctive, so that it criminalized two distinct acts: the unlawful restraint of another with the intent to transport another with the intent to inflict bodily injury and the unlawful restraint of another with the intent to terrorize the victim or another person.[2] The circuit court denied Petitioner's motion, explaining that it read § 61-2-14a(a)(2) in the "disjunctive—which means that there is one—he could be guilty of kidnapping . . . if you could transport another person with the intent to inflict bodily injury, or you could be guilty of kidnapping if you terrorize the victim or another person . . . ." The court concluded that "it is not a requirement that there be transportation in reading the first portion of the paragraph, subparagraph 2," and denied Petitioner's motion.[3]

Following the presentation of evidence and closing arguments, the circuit court instructed the jury on the crimes charged. As to kidnapping under § 61-2-14a(a)(2), the circuit court instructed the jury as follows:

> Kidnapping is the unlawful restraining of another person with the intent to terrorize such other person. . . .
>
> Before [Petitioner] can be convicted of Kidnapping as charged in the Indictment, the State of West Virginia must

---

[2] The State argued in the alternative that it had offered evidence to satisfy a "transport" element. The State does not raise this argument in response to Petitioner's appeal.

[3] The circuit also commented that Petitioner's counsel had "a very good argument there . . . depending on how the Supreme Court would read or interpret that statute."

3

overcome the presumption that he is innocent and prove to the satisfaction of the jury beyond a reasonable doubt that [Petitioner], in Boone County, West Virginia, on or about the 9th day of December to the 10th day of December, 2016, did unlawfully restrain Jessica Woodrum with the intent to terrorize Jessica Woodrum.[4]

Shortly after receiving this instruction, the jury returned a verdict finding Petitioner guilty of kidnapping as charged in Count 1 of the indictment under § 61-2-14a(a)(2). The jury also found Petitioner guilty of Count 3, malicious assault; Count 4, commission of an assault during the commission of a felony; and Count 6, domestic battery. On October 5, 2018, Petitioner moved for a new trial under Rule 33 of the West Virginia Rules of Criminal Procedure.[5] He argued that the circuit court instructed the jury incorrectly on kidnapping under West Virginia Code § 61-14a-2(a)(2). Specifically, Petitioner renewed his argument that "transport" is an element of kidnapping under

---

[4] Internal numbering omitted.

[5] Rule 33 states:

> The court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice. If trial was by the court without a jury the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony, and direct the entry of a new judgment. A motion for a new trial based on the ground of newly discovered evidence may be made only after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within ten days after verdict or finding of guilty or within such further time as the court may fix during the ten-day period.

subsection (a)(2), which the circuit court had erroneously omitted from its instruction. That error, Petitioner argued, enabled the jury to convict him of kidnapping if it found that he intended to terrorize his wife without also finding that he transported her. Petitioner also challenged his conviction for assault during the commission of a felony on double jeopardy grounds.

The circuit court denied Petitioner's motion by order on October 15, 2018. The circuit court again concluded that West Virginia Code § 61-2-14a(a)(2) is written in the disjunctive, meaning that one violates the statute if he "'unlawfully restrain[ed] another person with the intent: . . . to terrorize the victim or another person.'" So, the court concluded, the State was not required to prove that Petitioner transported his wife in order to prove Petitioner guilty of kidnapping under that statute. Earlier, on October 10, 2018, the circuit court sentenced Petitioner to twelve months in jail for domestic battery, second offense, a misdemeanor; life imprisonment with mercy for kidnapping, a felony; not less than two years nor more than ten years imprisonment for malicious assault, a felony; and not less than two years nor more than ten years imprisonment for assault during commission of a felony, a felony. The circuit court ordered that Petitioner serve these sentences consecutively. Petitioner now appeals the circuit court's October 15, 2018 order denying his motion for a new trial.[6]

_____

[6] Petitioner does not seek a new trial on his convictions for malicious assault or domestic battery – second offense.

5

## II. STANDARD OF REVIEW

Petitioner appeals the circuit court's order denying his motion for a new trial made under Rule 33 of the West Virginia Rules of Criminal Procedure. Rule 33 enables a circuit court to grant a new trial to a defendant if required in the interest of justice. We review a circuit court's order denying a motion for a new trial for abuse of discretion.[7] "Although the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence."[8] "[T]he question of whether a jury was properly instructed is a question of law, and the review is *de novo*."[9]

## III. DISCUSSION

Petitioner was indicted and tried for violating West Virginia Code § 61-2-14a(a)(2) (2014), which states that:

> (a) Any person who unlawfully restrains another person with the intent:
>
> (1) To hold another person for ransom, reward, or concession;

---

[7] *State v. Crouch*, 191 W. Va. 272, 275, 445 S.E.2d 213, 216 (1994) ("The question of whether a new trial should be granted is within the discretion of the trial court and is reviewable only in the case of abuse.") (citing *State v. King*, 173 W. Va. 164, 313 S.E.2d 440 (1984)).

[8] Syl. Pt. 4, *Sanders v. Georgia–Pacific Corp.,* 159 W. Va. 621, 225 S.E.2d 218 (1976).

[9] Syl. Pt. 1, in part, *State v. Hinkle*, 200 W. Va. 280, 489 S.E.2d 257 (1996).

6

(2) To transport another person with the intent to inflict bodily injury or to terrorize the victim or another person; or

(3) To use another person as a shield or hostage, shall be guilty of a felony and, upon conviction, shall be punished by confinement by the Division of Corrections for life, and, notwithstanding the provisions of article twelve [§§ 61-12-1 et seq.], chapter sixty-two of this code, shall not be eligible for parole.

The circuit court instructed the jury that kidnapping is "the unlawful restraining of another person with the intent to terrorize such other person." Petitioner argues that the circuit court's instruction erroneously omits the element "to transport," found at the beginning of subsection (a)(2). That omission, Petitioner contends, enabled the jury to convict him of kidnapping if it found that he unlawfully restrained his wife with the intent to terrorize her—no transportation required. According to Petitioner, "[t]he verb transport following the preposition to requires the word transport to be used throughout the sentence which ends in a semi-colon after the word person," so transport is a necessary element of the offense described in subsection (a)(2). As Petitioner puts it, "how do you have kidnapping without a transport while being unlawfully restrained?" He contends that the circuit court's instruction to the jury on kidnapping under § 61-2-14a(a)(2) misstates the elements of that offense, renders the jury instruction erroneous as a matter of law, and warrants a new trial.

The State responds that § 61-2-14a sets forth multiple ways in which a person may commit the crime of kidnapping and that § 61-2-14a(a)(2) sets forth two of them: the

7

unlawful restraint of another with the intent to transport another with the intent to inflict bodily injury or the unlawful restraint of another with the intent to terrorize the victim or another person. According to the State, the circuit court correctly identified the two offenses contained in subsection (a)(2) and its instruction to the jury did not misstate the elements of the crime of kidnapping as defined by that subsection. The State also argues that Petitioner's reading of § 61-2-14a(a)(2) ignores the word "or" placed between these two phrases: "to inflict bodily injury" and "to terrorize the victim or another person." That "or," the State argues, limits the reach of the initial phrase, "to transport." The State concludes that the circuit court correctly found that under the plain language of § 61-2-14a(a)(2), a person commits the crime of kidnapping by unlawfully restraining another with the intent to terrorize him or her, regardless of the twelve words of (a)(2) that precede the phrase "to terrorize."

The State goes further. It posits that the Legislature would not have used the infinitive verb "to terrorize" had it intended § 61-2-14a(a)(2) to describe only one crime. Instead, the Legislature would have drafted subsection (a)(2) just as it drafted subsections (a)(1) and (a)(3), which each describe only one means of kidnapping. That distinction, the State argues, plus the disjunctive "or" found in (a)(2), demonstrates the Legislature's intent to establish multiple ways to violate (a)(2). As the State puts it, "[s]ubsection (a)(2) plainly sets forth alternate methods by which Kidnapping may occur: *either* where a person unlawfully restrains another person with the intent to transport that person with the intent to inflict bodily injury *or* where a person unlawfully restrains another person with the intent

8

to terrorize the victim or another person." Finally, the State argues that if we adopt Petitioner's argument, then we read out of the statute the word "to" found in the phrase "to terrorize" because if the Legislature intended "to transport" to modify both "to inflict" and "to terrorize," it would have written (a)(2) as "To transport another person with the intent to inflict bodily injury or [] terrorize the victim or another person."

"The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature."[10] To reach that goal, we must first determine whether the language of a statute, § 61-2-14a(a)(2) in this case, is clear or ambiguous. "A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect."[11] To give a clear statute the full force and effect intended by the Legislature, we give the words in the statute "their ordinary acceptance and significance and the meaning commonly attributed to them."[12] We take a different approach to an ambiguous statute. A statute is ambiguous if it is "'susceptible of two or more constructions or of such doubtful or obscure meaning that reasonable minds might be uncertain or disagree as to its meaning.'"[13] Unlike a statute that

---

[10] Syl. Pt. 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (1975).

[11] Syl. Pt. 2, *State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951).

[12] *Id.* at 884, 65 S.E.2d at 492.

[13] *Mace v. Mylan Pharm., Inc.*, 227 W. Va. 666, 673, 714 S.E.2d 223, 230 (2011) (finding West Virginia Code § 56-1-1a(a) and (c) to be ambiguous) (quoting *Hereford v. Meek*, 132 W. Va. 373, 386, 52 S.E.2d 740, 747 (1949)).

plainly expresses the intent of the Legislature, we must construe an ambiguous statute before applying it.

After careful consideration of the language employed by the Legislature in § 61-2-14a(a)(2), we are forced to conclude that the circuit court misapprehended the unambiguous language of that particular subsection. The plain language of § 61-2-14a(a)(2) clearly demonstrates the Legislature's intent that the subsection describe a single form of kidnapping—the unlawful restraint of another with the intent to transport another person with the intent to inflict bodily injury or to terrorize the victim or another person. The language of this particular subsection leads inevitably to this conclusion.

The Legislature substantially revised the content and organization of § 61-2-14a in 2012.[14] In doing so, it created three subsections within subsection (a). These are:

---

[14] Previously, § 61-2-14a(a) stated, in pertinent part:

> (a) Any person who, by force, threat, duress, fraud or enticement take, confine, conceal, or decoy, inveigle or entice away, or transport into or out of this state or within this state, or otherwise kidnap any other person, or hold hostage any other person for the purpose or with the intent of taking, receiving, demanding or extorting from such person, or from any other person or persons, any ransom, money or other thing, or any concession or advantage of any sort, or for the purpose or with the intent of shielding or protecting himself, herself or others from bodily harm or of evading capture or arrest after he or she or they have committed a crime shall be guilty of a felony and, upon conviction, shall be punished by confinement by the

10

(a) Any person who unlawfully restrains another person with the intent:

(1) To hold another person for ransom, reward, or concession;

(2) To transport another person with the intent to inflict bodily injury or to terrorize the victim or another person; or

(3) To use another person as a shield or hostage, shall be guilty of a felony and, upon conviction, shall be punished by confinement by the Division of Corrections for life, and, notwithstanding the provisions of article twelve [§§ 62-12-1 et seq.], chapter sixty-two of this code, shall not be eligible for parole.

Each subsection begins with similar language, i.e., "(1) To hold . . . (2) To transport . . . (3) To use . . . ." This is parallel language, which, "of course, calls for a parallel construction."[15] Subsections (a)(1) ("To hold . . .") and (a)(3) ("To use . . .") create one form of kidnapping, each. The Legislature drafted (a)(2) similarly, beginning that subsection with "To transport . . . ." That parallel language communicates the Legislature's intent clearly: subsections (a)(1), (2), and (3) are to be read similarly. Indisputably,

division of corrections for life, and, notwithstanding the provisions of article twelve, chapter sixty-two of this code, shall not be eligible for parole . . . .

1999 W. Va. Acts 74.

[15] *Cent. States, Se. & Sw. Areas Pension & Health & Welfare Funds v. C. J. Rogers Transp. Co.*, 544 F. Supp. 308, 313 (E.D. Mich. 1982).

11

subsections (a)(1) and (a)(3) describe a single form of the offense of kidnapping. Logically, then, subsection (a)(2) does as well.

The State's gloss on (a)(2) and the circuit court's jury instruction directly contradict the Legislature's clear language. The State's theory (that one may kidnap another by unlawfully restraining the other "with the intent . . . to terrorize the victim or another person") throws the parallel language of (a)(1), (2), and (3) out of the window. To accept the State's position, we would also have to accept that the Legislature haphazardly structured (a)(1), (a)(2), and (a)(3), so that (a)(2) creates two offenses and not just one. We cannot read § 61-2-14a(a) with such "casual disregard of the rules of statutory interpretation. In statutory interpretation disputes, a court's proper starting point lies in a careful examination of the ordinary meaning and structure of the law itself. . . . Where, as here, that examination yields a clear answer, judges must stop."[16]

The State's remaining arguments are equally unconvincing. According to the State, the word "or" in the middle of § 61-2-14a(a)(2) is a hard stop, cutting off the effect of the subsection's initial phrase. The plain meaning of the word "or" and common sense disprove the State's theory. Generally, "[t]he word 'or' denotes an alternative

---

[16] *Food Mktg. Inst. v. Argus Leader Media*, --- U.S. ---, 139 S. Ct. 2356, 2364 (2019*)* (internal citations omitted)*. See also Div. of Justice & Cmty. Servs. v. Fairmont State Univ.*, --- W. Va. ---, 836 S.E.2d 456, 463 (2019) ("'[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there.' *Martin v. Randolph Cty. Bd. of Educ.*, 195 W. Va. 297, 312, 465 S.E.2d 399, 414 (1995).").

between the two phrases it connects."[17] In § 61-2-14a(a)(2), "or" connects two adjectival, infinitive phrases: "to inflict bodily injury" and "to terrorize the victim or another person . . . ."[18] Those are adjectives that must describe a noun. In § 61-2-14a(a)(2), that noun is "the intent" immediately preceding the two, alternative adjectives ("to inflict" and "to terrorize"). So, in subsection (a)(2), "or" does not signify two, alternative crimes, as the State and circuit court conclude. It signifies that one may commit the single offense of kidnapping found in § 61-2-14a(a)(2) by acting with one of two alternative—but coequal— intents: "**the intent** [noun] *to inflict bodily injury* [adjective describing immediately preceding noun] or *to terrorize the victim or another person* [adjective describing immediately preceding noun]." [19]

---

[17] *State v. Elder*, 152 W. Va. 571, 577, 165 S.E.2d 108, 112 (1968). *See also Albrecht v. State*, 173 W. Va. 268, 271, 314 S.E.2d 859, 862 (1984) ("We have traditionally held that where the disjunctive 'or' is used, it ordinarily connotes an alternative between the two clauses it connects.").

[18] *See Van Buren Charter Twp. v. Visteon Corp.*, 923 N.W.2d 266, 272 (Mich. 2019) ("Unlike finite verbs, infinitives primarily function as nouns, adjectives, or adverbs . . . .") (dissent). *See also* Tenielle Fordyce-Ruff, *Back to the Basics III: Subordinate Word Groups*, 57 SEP. ADVOCATE (Idaho) 52, 53 (Sept. 2014) ("Infinitive phrases can function as adjectives, adverbs, or nouns. Infinitive phrases are always formed with *to* and the base form of a verb.") (emphasis in original); Ned W. Waxman, *Final Score on "Projected Disposable Income": Forward-Looking Approach (8), Mechanical Approach (1)*, 48 HOUS. L. REV. 315, 348 n.192 (2011) ("providing the following example of an infinitive phrase used as an adjective modifying a noun: 'Language to suit the occasion is best'") (quoting John C. Hodges & Mary E. Whitten, *Harbrace College Handbook* 23 (1984)).

[19] For similar reasons, we reject the State's argument that, in finding that § 61-2-14a(a)(2) creates only one form of the crime of kidnapping, and not two, we necessarily "read out" the "to" found directly before "terrorize."

Common sense also counsels against the State and circuit court's reading of § 61-2-14a(a)(2).[20] They ask a reader to believe that "to terrorize the victim or another person" modifies "the intent," found at the end of subsection (a) and not "the intent" in (a)(2). Their reading of (a)(2) treats the phrase "to transport another person with the intent to inflict bodily injury" as completely separate from the phrase, "to terrorize the victim or another person." Again, "to terrorize the victim or another person" is an adjective, so it must describe a noun. Rather than describe the noun that immediately precedes it, "the intent" in (a)(2), the State and the circuit court would have the adjectival phrase "to terrorize the victim or another person" describe a noun that is twenty-one words behind it, "the intent" found at the end of (a). "[R]eferential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent and do not extend to or include others more remote."[21] Therefore, "to terrorize the victim or another person" refers to the last antecedent, "the intent" in (a)(2) and not to "the intent" in (a), as the State's argument assumes.

"To inflict bodily injury" and "to terrorize the victim or another person" are coequal, alternative intents necessary to commit the single crime of kidnapping under

---

[20] That reading looks like this: "(a) Any person who unlawfully restrains another person with **the intent**: . . . (a)(2) To transport another person with the intent to inflict bodily injury or **to terrorize the victim or another person** . . . ."

[21] 3C SHAMBIE SINGER, SUTHERLAND STATUTES & STATUTORY CONSTRUCTION § 77:1 (8th ed. 2018).

14

West Virginia Code § 61-2-14a(a)(2).  When the circuit court instructed the jury on the crime of kidnapping, § 61-2-14a(a)(2), it spliced that subsection into two separate kidnapping crimes.  That error resulted in an incomplete and erroneous jury instruction.  "The trial court must instruct the jury on all essential elements of the offenses charged, and the failure of the trial court to instruct the jury on the essential elements deprives the accused of his fundamental right to a fair trial and constitutes reversible error."[22]  So, the circuit court's instruction is fundamental error.  We will not sacrifice logic and common sense to salvage the circuit court's jury instruction.[23]

---

[22] Syl., *State v. Miller*, 184 W. Va. 367, 400 S.E.2d 611 (1990).  *See also State v. Anderson*, 212 W. Va. 761, 764–65, 575 S.E.2d 371, 374–75 (2002) (applying *Miller*; reversing defendant's conviction where circuit court did not instruct jury as to material element of the crime of transfer of stolen property).

[23] *See, e.g.*, *Winkler v. State Sch. Bldg. Auth.*, 189 W. Va. 748, 763, 434 S.E.2d 420, 435 (1993) (stating that "unless we are to abandon our logic and common sense, we cannot help but conclude that the statutory scheme surrounding these bonds bespeaks a legislative requirement that they be funded").

## IV. CONCLUSION

For the reasons set forth above, we reverse the circuit court's order of October 15, 2018 denying Petitioner's motion for a new trial on Counts 1 and 4 of the Indictment and remand this case for entry of an order granting a new trial to Petitioner according to this opinion.[24]

Reversed and remanded with instructions.

---

[24] Petitioner does not seek a new trial on his convictions for malicious assault or domestic battery – second offense. We affirm those convictions.